[Civ. No. 3181. First Appellate District, Division One.—January 28, 1920.]

## J. L. BRADY et al., Respondents, v. R. A. FOWLER et al., Appellants.

[1] CONTRACTS—OPTION TO PURCHASE REAL PROPERTY—AGREEMENT TO PAY TAXES—EXTENT OF LIABILITY.—Where the holder of an option to purchase certain real property agrees to pay the taxes assessed upon the property during the term of the option, he is liable for all taxes that become payable during the life of the option, although such taxes are not required by law to be paid until the day on which the option lapses.

[2] ID.—ASSIGNMENT OF OPTION—EXPRESS ASSUMPTION OF OBLIGA-
TIONS BY ASSIGNEE UNNECESSARY.—Where by its terms the obliga-
tions of such option are expressly made binding upon the suc-
cessors and assigns of the parties thereto, no express assumption
of such obligations by the assignee of the holder of the option
are necessary to render such assignee liable thereon, especially
where he has enjoyed the rights arising from the holding of such
option.

[3] ID.—CONTINUING LIABILITY OF ASSIGNOR.—The obligations of an
assignor of a contract continue to rest upon him, and he will be
required to respond to the other party to the contract in the event
of the default on the part of the assignee.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Paul J. McCormick, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. Wiseman Macdonald and Goudge, Robinson & Hughes
for Appellants.

E. L. Brady and Dewitt J. Brady for Respondents.

RICHARDS, J.—The plaintiffs brought suit against the
defendants to recover from them an amount alleged to be
due under the terms of a written instrument claimed by
plaintiffs to be a lease with option to purchase, and relat-
ing to certain real property in the city of Los Angeles.
The defendants denied any liability, claiming in their an-
swers that the writing in question was not a lease with op-
tion to purchase, but an option merely, which, by its lapse,
had terminated any further liability on their part. The
immediate parties to said instrument were the plaintiffs and
defendant R. A. Fowler, and the latter, after complying for
some time with the terms of the instrument, assigned it to
his codefendant, Herbert J. Goudge. In its findings of
fact the court established the character of this instrument
in accordance with the contention of the defendants, and
found that it terminated on December 1, 1914, through the
nonpayment of a certain sum due to the plaintiffs on that
date, and being one of a series of monthly payments re-

2. Right to sell or assign option to purchase land, notes, Ann. Cas.
1914B, 1228; 43 L. R. A. (N. S.) 115.

45 Cal. App.—38

quired to keep the option in force. The court further found that the writing also imposed upon the holder of the option thereunder an obligation to pay city, county, and state taxes upon the property concerned, and that up to and including the time when the option terminated by the nonpayment of the monthly installment called for there was due as such taxes the sum of $1,306.94, and rendered judgment in favor of the plaintiffs and against each of the defendants for this amount.

Each of the defendants has appealed from the judgment. The record before this court consists of the judgment-roll alone, and the court's findings are set out more at length in the opinion of this court filed this day in the plaintiff's appeal from the same judgment and being numbered Civil No. 3177. For the purpose of the appeals now being considered, however, the brief reference to the findings already made is sufficient.

[1] The first contention in support of the appeal, and which is made by each of the appellants, is that, inasmuch as the court found that said option lapsed on December 1, 1914, there was no obligation upon them to pay taxes due upon that date, citing authorities to the effect that the person to whom an option is given is under no obligation to avail himself of it, and if he permits it to lapse by the nonfulfillment of its conditions, it is at an end and fully discharged, and they argue that it is illogical to hold that the option was terminated by the failure of its holder to pay the monthly sum due on December 1, 1914, and at the same time to hold him responsible for the payment of taxes due on that date. This argument derives whatever force it has from the appellants' assumption that the finding of the court is that the taxes in question *became* due upon said date, but the language of the court in its finding relating to these taxes indicates clearly that they were payable before the day when the option terminated. Moreover, the court found in effect that defendant Goudge was in possession of the property by virtue of said option and received the benefit of the rents arising therefrom up to a date ulterior to the termination of the option. There was no obligation upon the part of the defendant Goudge to pay these taxes immediately they became due. He could, if he chose, wait until the last day allowed for their timely payment,

but said defendant having, since he took an assignment of the option, made all monthly payments necessary to keep it in force until December 1, 1914, and consequently having enjoyed its benefits until that time, his continuing interest therein having been recognized by the plaintiffs up to said first day of December, he cannot be allowed to treat his obligation to pay taxes as if it only arose upon said date, and be heard to say that his neglect to pay them should be given the same legal effect as his failure to make further monthly payments. The court having found that the taxes for which it rendered judgment against him were payable during the life of the option, the payment of these taxes was part of the consideration for that portion of the term of the option which defendant Goudge had already enjoyed when he allowed it to lapse.

[2] This defendant further urges in support of his appeal that there was no express assumption by him of any obligation to pay taxes, or, indeed, to pay the plaintiffs any sum whatever.

The written instrument which the court declared to constitute an option is set out in full in the plaintiffs' complaint, and by its terms the obligations thereof are expressly made binding upon the successors and assigns of the parties thereto. No express assumption of those obligations by an assignee thereof was, therefore, necessary. Moreover, as we have said, this appellant having enjoyed the rights arising from his making of the monthly payments therein provided, he cannot escape the burdens coincidently imposed during such period of enjoyment.

[3] The defendant Fowler in his appeal makes the additional point that as the taxes in question became due after his assignment of the option to Goudge, and during the time that Goudge received the benefit of the rents derived from the property, he ought not to be held liable for them. But there is no finding that the plaintiffs released this defendant from his obligations arising from the option, and it is elementary that his mere assignment of it did not have such effect. So far as the plaintiffs are concerned, both Fowler and his assignee were bound by the conditions of the option. "The obligations of an assignor of a contract continue to rest upon him, and he will be required to respond to the other party to the contract in the event of a

default on the part of the assignee." (5 Corpus Juris, 977; *Anderson* v. *de Urioste,* 96 Cal. 404, [31 Pac. 266]; Civ. Code, sec. 1457.)

For the reasons given, the judgment is affirmed.

Waste, P. J., and Knight, J., *pro tem.,* concurred.