[Civ. No. 16657.   Second Dist., Div. Two.   Feb. 16, 1949.]

DORIS F. LOWRY, Respondent, v. MURIEL A. McCAFFREY, Appellant.

Henry F. Poyet for Appellant.

F. F. Gualano for Respondent.

MOORE, P. J.—This is an appeal from an interlocutory judgment decreeing specific performance against a vendor of realty.

On October 6, 1945, appellant by written escrow instructions agreed to convey to respondent Lot 60 of the Mabery Heights Tract in Los Angeles County for $5,000. Pursuant to such agreement appellant executed her grant deed and delivered it into the escrow. On the same date as provided by the agreement respondent deposited with the escrow holder $1,500 and a promissory note for $3,500, the balance of the purchase price. Thereafter respondent paid into escrow other amounts totaling $920. Upon appellant's refusal to consummate the agreement respondent commenced this action.

The trial court found that the signed escrow instructions constituted a contract; that respondent vendee performed all the terms and conditions thereof; that "said contract was and is just and reasonable, and that the consideration therefor was adequate"; that appellant vendor had not complied with the contract in that she neglected and refused to remove and satisfy an inheritance tax lien against the property which prevented the escrow holder from delivering to respondent vendee a good and sufficient title. The court decreed specific performance and ordered the escrow holder to secure the State of California for the unpaid inheritance taxes from the funds deposited by respondent vendee.

Appellant contends that there is no evidence to support the finding that the consideration of $5,000 was adequate and was the reasonable value of the property at the time of the agreement. Such contention is answered by the testimony of Mr. Reese, a real estate appraiser, to the effect that the property had a market value of $4,500 as of October 6, 1945, and of appraiser Ingram who testified that its value on that date was $4,450. The fact that the witness Moore, a tax appraiser, believed that for tax inheritance purposes the fair market value as of June, 1945, was $9,000 merely created a

conflict in the evidence to be resolved by the trial court. Since the finding as to the reasonableness and adequacy of the consideration is supported by the testimony of expert witnesses it may not be disturbed on appeal. (*Mayers* v. *Alexander,* 73 Cal.App.2d 752, 759 [167 P.2d 818] ; *Cushing* v. *Levi,* 117 Cal.App. 94, 101 [3 P.2d 958].)

It is suggested by appellant, though not urged as ground for reversal, that specific performance may not be granted when the vendor does not have clear title. Such is not the law. If a vendee demands the performance of his contract of purchase against an interest in the property purchased less than that which he agreed to buy or against a title farther from perfect than that which he bargained for, the vendor may not object to performance on account of the vendee's generosity. (*Twisselmann* v. *Cohn,* 57 Cal.App.2d 987, 990 [136 P.2d 33].) A contrary rule would permit a defaulting party to preclude any intervention by a court of equity merely by refusing to perform as he had agreed.

Appellant asserts that specific performance may not be decreed against her because the purchase money was never paid to her. The agreement did not obligate respondent to pay her the money or deliver her the note, but to deposit them in escrow. Upon her compliance with the contract the total consideration for the deed will immediately make such funds available to her. Appellant's bold assertion that the court is without jurisdiction to order the escrow holder to use the funds in escrow to indemnify the State of California on its tax lien is answered by the doctrine that a court of equity has jurisdiction to resolve "all differences between the parties arising from the cause of action presented." (*Iverson* v. *Goodbub,* 128 Cal.App. 538, 540 [17 P.2d 1004].)

Appellant's final assignment of error is that the amended complaint failed to allege that the contract of purchase is just and reasonable as required by statute. (Civ. Code, § 3391.) Paragraph XII of such pleading positively declares that the contract "was on the date thereof, just, fair and equitable . . . and that the purchase price aforesaid was the fair and reasonable market value thereof at said time . . . and that as to the defendant the consideration for said contract was adequate on said date." Such allegation conforms with the rule announced in *Eichholtz* v. *Nicoll,* 66 Cal.App.2d 67 [151 P.2d 664].

The judgment is affirmed.

McComb, J., and Wilson, J., concurred.