[S. F. No. 18578. In Bank. May 29, 1953.]

FRANCIS BRITSCHGI, Appellant, v. WILLIAM McCALL et al., Respondents.

[S. F. No. 18579. In Bank. May 29, 1953.]

WILLIAM A. THOMAS et al., Appellants, v. WILLIAM McCALL et al., Respondents.

[S. F. No. 18580. In Bank. May 29, 1953.]

PERRY LIEBMAN et al., Appellants, v. WILLIAM McCALL et al., Respondents.

140

Cosgrove, Molinari & Tinney, Campbell, Hayes & Custer and Herbert Chamberlin for Appellants.

Crist, Stafford & Peters and Elton F. Martin for Respondents.

SHENK, J.—These appeals are from judgments for the defendants in three consolidated actions arising out of the failure to perform a contract for the sale of real property in Santa Clara County. William and Betty McCall are the defendants in each action and are the owners of the real property. The plaintiff in S. F. No. 18578, Francis Britschgi, is a real estate broker who seeks damages for the asserted breach by the defendants of an agreement by which the broker was granted the exclusive right to sell the realty. The plaintiffs in S. F. No. 18579 are Britschgi and Thomas, a second real estate broker. They seek to recover the reason-

able value of services rendered to the defendants. The plaintiffs in S. F. No. 18580 are a copartnership doing business under the firm name of Brentwood Company. They seek specific performance of the contract for the sale of the realty wherein they are the vendees.

The material facts are not in dispute. In March of 1950 Britschgi was authorized to sell the realty for a price which would net the defendants $200,000. There was no provision for a broker's commission. Britschgi was informed by the defendants that an existing lease with an option to purchase most of the property was held by George E. Santana. Britschgi and Thomas thereafter procured an offer of $205,000 from the Brentwood Company for the property. The offer contained a provision for the payment of a brokers' commission of 5 per cent. The defendants did not accept the offer because of the outstanding interest of Santana, and refused to proceed with negotiations until a settlement could be made with Santana. However the defendants later converted the offer into a counteroffer by adding the following language to it: "This acceptance is contingent upon the seller being able to eliminate the interest of George E. Santana, if any, in the above-described property, for a sum not to exceed $5,000.00." Brentwood thereafter accepted the counteroffer.

Following the execution of the contract of sale extensive negotiations took place in an attempt to eliminate the Santana interest. The defendants engaged an attorney who commenced an action to quiet title. In June of 1950 the parties met with Santana's attorney who stated that Santana intended to enforce the option. On July 13th the parties met with Santana and Brentwood offered a total of $22,500 to satisfy Santana's interest. Santana refused the offer and stated that he would accept $40,000 for his interest. Brentwood asked for "five or six" days to make a decision and failed to reply within that time. Santana testified that an offer of $40,000 for his interest was never communicated to him at any time. On or about August 13th Brentwood notified the defendants' attorney that they were willing to pay $40,000, less the $5,000 the defendants were to pay from the purchase price to Santana to close the transaction. On August 16th Brentwood offered the defendants' attorney a check for $235,000 on the condition that a deed be executed. The attorney informed Brentwood that he no longer represented the defendants. Later in that day the complaints in

the present action were filed and after service of summons on them the defendants retained their present counsel. Thereafter a check for $235,000 was again offered to the defendants' attorney and a deed demanded, without success. Santana's interest in the realty was never eliminated.

The trial court found and concluded on substantial evidence that the "plaintiffs have not tendered to the defendants, or either of them, any portion of said purchase price."

Tenders to the attorneys were insufficient. Under section 1488 of the Civil Code, an offer of performance must be made to the creditor, or to his duly authorized agent. Section 283 of the Code of Civil Procedure limits the authority of an attorney to the management and conduct of the particular cause for which he is retained and to the receipt of money where his client has asserted a claim for it. In construing section 283 it was properly said in *Redsted* v. *Weiss,* 71 Cal.App.2d 660, 663 [163 P.2d 105], that "The courts of this state have held that an attorney by virtue of his general authority . . . cannot pass his client's rights or title to land which is the subject matter of the litigation (*Ryan* v. *Tomlinson,* 31 Cal. 11) and cannot accept the amount tendered by the adverse party in full satisfaction of a claim for money due. (*Ferrea* v. *Tubbs,* 125 Cal. 687 [58 P. 308].)"

In the present case neither of the defendants' attorneys had authority to accept Brentwood's tender of a check in payment of the purchase price plus what they considered to be a sufficient additional amount to satisfy Santana's interest in the property. When the offer of $235,000 was first made Brentwood was put on notice that the one to whom it was made no longer represented the defendants. The second offer was made after the actions were commenced and the status of the parties had become fixed. (*Kirk* v. *Culley,* 202 Cal. 501 [261 P. 994].) Furthermore there is no evidence that the amount offered would satisfy the terms of the contract. Santana's offer to settle for $40,000 was kept open "five or six days" at Brentwood's request but it had not been acted upon and more than a month had expired. There is no proof that the defendants could have eliminated Santana's interest at a cost to them not in excess of $5,000.

The trial court properly permitted the introduction of parol evidence in aid of its interpretation of the provision requiring the elimination of the Santana interest. (*Estate of Rule,* 25 Cal.2d 1 [152 P.2d 1003, 155 A.L.R. 1319]; *Streicher* v. *Heimburge,* 205 Cal. 675 [272 P. 290]; *Lynch*

v. *Keystone Consol. Mining Co.,* 163 Cal. 690 [126 P. 968].)

■ Upon this and other evidence the court correctly concluded that the provision constituted a condition precedent to Brentwood's right to the performance of the contract of sale. The defendant William McCall testified that he informed Britschgi "that the property was tied up on a golf course lease and to do nothing more about it, bring no deposit of any kind because I wouldn't accept [it], and if you're going to make a sale, there would have to be an arrangement with the man that has got the option on the property first before I'll go any further. . . . " The evidence plainly indicates that the parties intended that a tender would be ineffective unless the condition was satisfied. The trial court was therefore justified in concluding that the elimination of the Santana interest was a condition precedent to the defendants' duty to convey.

It was in evidence that the plaintiffs were willing to accept conveyance of title to the property subject to the Santana option and that they offered to waive the provisions of the contract that the sale would be "contingent upon the seller being able to eliminate the interest" of Santana for a sum not to exceed $5,000. The question then is whether the plaintiff could waive the condition and make the waiver binding on the defendants as sellers. The plaintiffs contend that the condition was one for the sole benefit of the buyers and could be waived by them. They place reliance upon the so-called "defect of title" cases such as *Miller* v. *Dyer,* 20 Cal.2d 526 [127 P.2d 901, 141 A.L.R. 1428]; *Farnum* v. *Clarke,* 148 Cal. 610 [84 P. 166]; and *Twisselmann* v. *Cohn,* 57 Cal.App.2d 987 [136 P.2d 33]. Those cases hold that it is no answer for the vendor to say, when specific performance is demanded of him, that the interest or title which is sought to be acquired is not as complete as he agreed to convey. The present case is clearly distinguishable from those cases. ■ Where a seller agrees to convey title subject to an interest held by a third party in the nature of a defect in the seller's title, he does not necessarily incur personal liability to the third party by conveying title without eliminating that defect. This is especially true when the right in the third party is one not created by the personal covenant of the seller. In such cases the elimination of the defect is deemed for the sole benefit of the buyer who may waive it. ■ But here the option to purchase held by Santana involved a personal obligation on the part of the defendants to convey complete title to San-

tana. This duty would be breached by a conveyance to Brentwood which might subject the defendants to a claim for damages far in excess of what Santana might presently be willing to accept. The willingness of the plaintiffs to assume the obligation of the defendants to Santana by taking title subject to the Santana option would not release the defendants from their obligation thereunder. ▇ The burden of the defendant's obligation could be transferred to the plaintiffs only with the consent of Santana, which was never obtained. (Civ. Code, § 1457.) While Brentwood may have effectively assumed liability under the option contract under some circumstances (see *Jones* v. *Allert,* 161 Cal. 234 [118 P. 794]), the defendants' liability thereunder would not necessarily have been terminated. ▇ It is not meant by section 1457 that a third person cannot assume obligations of contract between other parties, but only that he cannot relieve a party thereto from the latter's obligations without the consent of the creditor, here Santana. (See *Cutting Packing Co.* v. *Packers' Exchange,* 86 Cal. 574 [25 P. 52, 21 Am.St.Rep. 63, 10 L.R.A. 369] ; *Brady* v. *Fowler,* 45 Cal.App. 592 [188 P. 320].) ▇ The condition precedent was inserted in the contract in vital part for the benefit of the sellers. Its purpose was to protect the defendants from any claim of liability on the part of Santana. A desire to avoid the threat of litigation is a sufficient basis upon which the defendants may contend that they inserted the condition precedent for their own protection. The case therefore involves much more than a mere defect in title which the buyers could effectively waive as against the sellers. (*Isaacson* v. *G. D. Robertson & Co.,* 85 Cal.App.2d 71, 76 [192 P.2d 386].)

No fault may be ascribed to the defendants because of the unfulfillment of the condition precedent. The language of the condition and the parol evidence introduced in explanation thereof are devoid of any affirmative undertaking on the part of the defendants to fulfill the condition. The defendants were to convey only if they could eliminate the specified encumbrance, and there was no promise to eliminate or convey in any event. ▇ An express condition precedent to performance by a party cannot be construed as imposing a duty on that party to fulfill the condition, where, as here, the language employed does not constitute an undertaking to do so. (*Edwards* v. *Billow,* 31 Cal.2d 350, 361 [188 P.2d 748].)

It is therefore concluded that under the circumstances

of this case the condition precedent could not have been waived by Brentwood alone; that it was not waived by the defendants; that specific performance will not lie while the condition remains unsatisfied, and that the judgments should be affirmed.

 The actions in which the real estate brokers seek to recover cannot be successfully maintained in view of the holding that the defendants are under no obligation to consummate the sale.

Other questions need not be discussed.

The judgments are affirmed.

Gibson, C. J., Carter, J., Schauer, J., and Spence, J., concurred.

Appellants' petition for a rehearing was denied June 18, 1953.