[Civ. No. 18984. First Dist., Div. Two. Feb. 23, 1961.]

WALTER E. WHITEMAN et al., Respondents, v. LEON-ARD REALTY COMPANY et al., Defendants; SAN JOSE ABSTRACT AND TITLE COMPANY, Appellant.

Crist, Peters, Donegan & Brenner and John M. Brenner for Appellant.

Hardy, Carley, Thompson & Love for Respondents.

SHOEMAKER, J.—This is an appeal by defendant San Jose Abstract and Title Company, hereinafter referred to as title company or appellant, from a judgment for damages entered after trial by court in favor of plaintiffs Whiteman. The judgment also ran against the defendants Leonard Realty Company and its employees Louis E. Wilson and Joseph Leonard, who do not appeal.

The facts, either admitted or found by the court upon conflicting evidence, are as follows: The respondents owned a motel known as the Homestead Motor Court in Los Altos. In February 1956, Louis E. Wilson and A. P. Whitehead, employees of Leonard Realty Company, obtained an exclusive listing to sell the motel property for $175,000. A note in the approximate sum of $32,000 secured by a first deed of trust on the property was held by a Mrs. Cailleaud, and was payable at the rate of $400 per month. In March 1956, Benjamin Burke, likewise a defendant in this action but who had judgment in his favor, obtained an offer from a real estate syndicate to purchase the property for $165,000 and it was presented to the respondents in the form of a deposit receipt by the employees of Leonard Realty Company. Before signing the deposit receipt, respondents stated that they wanted it understood that they would not sell at the lower figure if they were going to have to pay a prepayment penalty on the existing deed of trust, that they wished to be notified of any demand for a penalty so they could negotiate to avoid it, and if unsuccessful there was to be no sale. The respondents were assured by the real estate agents that if they would sign the deposit receipt, they would immediately notify them if a demand for a prepayment penalty was made, so that respondents could negotiate, and if the negotiations failed there would be no sale. The deposit receipt makes no mention of the Cailleaud deed of trust.

Thereafter, Burke, Wilson and Leonard came to the respondents with escrow instructions prepared by appellant. Respondents reiterated their position about a penalty and its effect on the sale, and again the agents assured them that if a penalty was demanded they would advise them so as to give them an opportunity to negotiate, and if the negotiations were not successful the deal would not be consummated. Upon this understanding respondents signed the instructions. When Mr. Whiteman signed the escrow instructions, he brought out his payment book on the Cailleaud deed of trust, and told

the agents he would not pay any more than was on the book. Burke delivered the signed escrow instructions and the payment book to Mr. Kittoe, an attorney employed as manager of the title company, and told the latter to confirm the Cailleaud demand with the balance shown in the book and to notify respondents if there was any difference.

The escrow was closed and in addition to the principal of $31,823.49 shown in the payment book, $7,553.87 was paid as a prepayment penalty without any notification to the respondents, which Kittoe testified came as a surprise to him. A letter from the title company containing a statement of the transaction was delivered to the respondents a few days after closing, and this was the first notice respondents had of the closing of the sale and the payment of the penalty.

Appellant contends that it was bound by the written deposit receipt and escrow instructions, and that the oral instructions it failed to follow violated the parol evidence rule and hence it cannot be liable for any damages caused by such failure. We do not agree. The escrow instructions contained the following language: "Pay existing deed of trust to Cailleaud $————." Both the deposit receipt and escrow instructions were silent as to any prepayment penalty. The finding of the trial court supported by sufficient and conflicting evidence was that the title company was orally instructed not to close without further authorization in the event an amount in excess of that in the payment book was demanded; in other words, that there was to be no sale.

Under these circumstances, this rule applies: The fact that a contract depends upon an oral condition precedent may be shown by parol evidence where the contract does not include provisions inconsistent with the condition. (*Fontana* v. *Upp* (1954), 128 Cal.App.2d 205, 207 [275 P.2d 164].) Since the oral instructions are not inconsistent with the deposit receipt and escrow instructions, the admission of parol evidence was proper.

Appellant next contends that the respondents could not claim damages for violation of the instructions since such were given to it by the buyer's agent Burke. However, that does not negate Burke being the respondents' agent for purposes of transmitting the oral instructions. An implied agency may arise from the words and conduct of the parties and the circumstances of the particular case. (*Ferroni* v. *Pacific Finance Corp.* (1943), 21 Cal.2d 773, 779 [135 P.2d 569]; see also the case of *Wright* v. *Lowe* (1956), 140

Cal.App.2d 891, 896 [296 P.2d 34], wherein the agent of one party to a sale of property became the agent of another for limited purposes.) The findings of the trial court are silent on the question of Burke's being respondents' agent for the purposes of transmitting the oral instructions, but the judgment is sustained by implication. Such a finding is inherent in the determination and supported by the facts. The record shows Burke assumed the burden of transmitting the oral instructions that the respondents and the other real estate agents gave him, and he did so.

 The appellant further argues that the evidence does not support the finding that after being orally instructed it agreed not to close the escrow in the event that a penalty for prepayment of the existing deed of trust was demanded. Appellant's theory is that the instructions did not contain the precise language ''prepayment penalty.'' However, this is clearly the import of the language used; when Burke brought the written escrow instructions to the title company, he handed Kittoe the payment book which showed a balance due on the first deed of trust of $31,823.49 and instructed the latter that if there was any difference in the amount shown on the book and that supposed to exist, to contact respondents before closing the escrow. Mr. Kittoe agreed to do this. Therefore, when the title company paid $7,553.87 in excess of the amount shown on the book, which was in fact the demanded prepayment penalty, they violated the instructions.

The appellant urges that respondents were guilty of contributory negligence. The cases cited are not in point and although the matter was urged in the trial court, it found no contributory negligence on the part of respondents. The argument is merely a guise for rearguing the parol evidence question, with which we have already dealt.

 The appellant contends it was error to award damages because (1) respondents were legally obligated to pay the penalty, and (2) there was no proof of damage suffered. This argument rests basically on the assumption that respondents were bound to sell, and completely ignores the oral condition, of which the buyer's agent Burke was aware, that respondents would only sell if they did not have to pay the penalty interest on the Cailleaud note. The respondents made a conditional promise, and bound themselves to perform only if the condition precedent occurred. (Civ. Code, §§ 1434, 1436; *Britschgi* v. *McCall* (1953), 41 Cal.2d 138, 143 [257 P.2d 977].) The title company, under the oral instruction, was authorized to

close only if the demand from Cailleaud did not exceed the amount shown on the payment book. When the title company acted contrary to the instructions, the respondents received $7,553.87 less than they were willing to receive for the sale of their property. Where property in escrow is deposited upon certain conditions and disposed of without compliance with those conditions, the depositor is entitled to recover such damages as he may have suffered through such unwarranted action. (*Jones* v. *Title Guaranty etc. Co.* (1918), 178 Cal. 375, 380 [173 P. 586]; *Gallagher* v. *California Pac. T. & T. Co.* (1936), 13 Cal.App.2d 482, 489 [57 P.2d 195].) Here, the respondents were damaged in the amount of $7,553.87.

The case of *Mains* v. *City Title Insurance Co.* (1949), 34 Cal.2d 580, 585 [212 P.2d 873], cited by appellant, is not in point. Involved was a sale of property by the administratrix of an estate who advertised the property would be sold subject to taxes and assessments. The court stated that where an escrow holder paid off a deed of trust related to a conveyance without any instructions in regard thereto, plaintiff could not complain that the title company paid off the deed of trust for there is an implied condition that land will be conveyed free from encumbrance. That case turned on certain probate code sections and presents a factual situation that cannot be compared with the present cause.

Judgment affirmed.

Kaufman, P. J., and Draper, J., concurred.

A petition for a rehearing was denied March 24, 1961, and appellant's petition for a hearing by the Supreme Court was denied April 19, 1961.