[Civ. No. 20614. First Dist., Div. Two. Feb. 21, 1963.]

DOROTHY M. BENNETT, Plaintiff and Respondent, v. CHARLES E. CARLEN, Defendant and Appellant.

Ryan & Ryan and Thomas Michael Ryan for Defendant and Appellant.

Morgan & Moscone and George R. Moscone for Plaintiff and Respondent.

SHOEMAKER, J.—Defendant Charles Carlen appeals from a judgment for plaintiff Dorothy Bennett, in an action

to recover damages for breach of a contract to convey a leasehold interest in certain real property.

The record discloses that in June of 1959, defendant, as owner, listed the leasehold interest, furniture and fixtures of the Lincoln Hotel for sale with the real estate firm of D'Orazi Investment Company. Under the lease, defendant was required to obtain the landlord's consent to any assignment. On August 3, 1959, D'Orazi Investment Company presented defendant with an offer in the form of a deposit receipt and agreement of sale signed by the plaintiff. The document, dated August 3, 1959, provided that the purchase price for the leasehold interest, furniture and fixtures, was to be $25,500, of which sum the plaintiff had already deposited $1,000. A further provision, under the heading ''Condition of Sale,'' stated that ''5 days from the above date are allowed for the Seller's approval of this agreement and an additional 5 days to gain the Landlord's acceptance of the Buyer as a lessee.'' Upon receipt of the seller's and landlord's approvals, plaintiff was to increase her downpayment to $8,000. This additional cash consideration was to be paid to D'Orazi Investment Company for deposit to the account of the seller. Plaintiff was to take possession of the property on August 15, 1959. Time was expressly made of the essence. Defendant signed the agreement on August 3, 1959.

On August 4, 1959, defendant went to the office of Hogan & Vest, the real estate brokers who represented the landlord. He informed Mr. Vest that he had received an offer from the plaintiff and requested that Mr. Vest contact the landlord and obtain his consent to a transfer of the lease. The remainder of the negotiations for the landlord's consent appear to have been conducted by D'Orazi Investment Company, acting on behalf of the defendant. Mr. D'Orazi testified that on August 5 or 6, his firm furnished Hogan & Vest with a financial statement on the plaintiff, and that he was thereafter informed that Hogan & Vest considered the plaintiff an acceptable tenant but were desirous of obtaining a commission of $1,000 for their services in obtaining the landlord's consent to the assignment. Mr. Hogan testified that he had never actually contacted the landlord in regard to the assignment, but that he did inform D'Orazi Investment Company that he ''could possibly'' obtain the consent if he were paid part of their commission on the sale.

In any event, by August 15, 1959, Mr. D'Orazi had informed both plaintiff and defendant that an additional $1,000

was necessary to obtain the landlord's consent, but neither party was willing to pay that amount. On August 19, 1959, defendant sold the leasehold interest, fixtures and furnishings, to another party for $27,000. This action was brought shortly thereafter.

The trial court held that the defendant was obligated, under the written agreement of August 3, 1959, to obtain the landlord's consent to the assignment, and that the words "5 days to gain the Landlord's acceptance of the Buyer as a lessee" did not constitute a condition precedent to the validity of the agreement of sale. The court also found that the defendant had refused to perform his duties under the written agreement and that said refusal was motivated solely by his desire to sell the leasehold interest to a third party at a higher purchase price than the plaintiff had agreed to pay. Judgment was accordingly entered that the plaintiff recover $1,500 damages for breach of contract.

 Appellant first contends that the provision of the contract allowing five days for gaining the consent of the landlord is a condition precedent and not an unconditional promise on appellant's part to secure the landlord's consent to the assignment. Appellant argues that any other construction overlooks the facts that the provision fails to specify that *either* party shall have any affirmative duty to obtain this consent and that the consent provision served no other purpose than to impose a condition precedent to all liability under the contract. The argument continues that under the contract, neither party was desirous of completing the sale in the event that the landlord's consent was withheld, hence they expressly agreed that the obligations of both parties would be contingent upon the giving of consent. When this consent was not obtained by the date specified under the contract, or indeed, by the date on which possession under the lease was to be transferred, the contract came to an end. Neither party can be deemed to have breached his obligations under the contract, since the event upon which these obligations were contingent never occurred.

This contention is sustained by the record. The written agreement expressly states that the landlord's acceptance of the buyer as a lessee shall be a "Condition of Sale." This provision is neither uncertain nor ambiguous and was obviously intended to make all obligations under the contract contingent upon the giving of the landlord's consent. The agreement provides, for example, that respondent shall not

be required to deposit her full $8,000 downpayment until such consent has been given. It also provides that appellant shall be under no duty to complete the sale and transfer of his leasehold interest until the downpayment shall have been made. It is thus evident that all duties specified under the contract were to arise only in the event that the landlord's consent was in fact obtained.

This conclusion is supported by the reasoning of our Supreme Court in the case of *Britschgi* v. *McCall* (1953) 41 Cal. 2d 138 [257 P.2d 977], wherein a contract to convey real property was expressly made " 'contingent upon the seller being able to eliminate the interest of George E. Santana, if any, in the above-described property, for a sum not to exceed $5,000.00.' " (P. 141). Following the execution of the contract, defendant sellers attempted to eliminate Santana's interest but were unable to do so. The buyers subsequently brought suit for specific performance of the contract, and the trial court found in favor of the defendants. In affirming the judgment, the Supreme Court concluded that the elimination of the Santana interest was a condition precedent to the defendants' duty to convey. The court pointed out that the provision had obviously been inserted in the contract in vital part for the benefit of the sellers and was designed to protect them from liability to Santana. The court went on to hold that no fault could be ascribed to the defendants by reason of their inability to perform the condition precedent. The court stated: "The defendants were to convey only if they could eliminate the specified encumbrance. and there was no promise to eliminate or convey in any event. An express condition precedent to performance by a party cannot be construed as imposing a duty on that party to fulfill the condition, where, as here, the language employed does not constitute an undertaking to do so. (*Edwards* v. *Billow*, 31 Cal.2d 350, 361 [188 P.2d 748].)" (P. 144.)

The present case would appear to fall squarely within the holding of the *Britschgi* case. We consider it clear that the contract cannot be construed in such a manner as to impose any absolute duty on appellant to fulfill the condition. Under the wording of the provision, it is open to speculation as to which of the parties was intended to contact the landlord and ask for his approval of the assignment. In the *Britschgi* case, the contract was contingent upon the "Seller's" ability to eliminate the Santana interest. Yet the court refused, nevertheless, to construe the contract as imposing an affirma-

tive duty on the seller. In the instant case, respondent points to no parol evidence that the parties ever agreed upon or even discussed the question of which of them was to negotiate for the landlord's consent.

In view of the express wording of the agreement of sale, we are satisfied that the landlord's consent constituted a condition precedent to all obligations under the contract. Although either party was at liberty to obtain that consent, neither was in fact able to do so. Under such circumstances, the condition precedent to appellant's obligation to perform his side of the contract was never fulfilled, and respondent was accordingly not entitled to recover damages. (Civ. Code, § 1436; *Peterson* v. *Montgomery Holding Co.* (1949) 89 Cal.App.2d 890, 894 [202 P.2d 365]; *Pry Corp. of America* v. *Leach* (1960) 177 Cal.App.2d 632, 639 [2 Cal.Rptr. 425].)

Judgment reversed.

Kaufman, P. J., and Agee, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied April 17, 1963.