141 F.3d 1176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
JB & LE VENTURE, Plaintiff-Appellant,
v.
MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Defendant-Appellee.
 No. 97-15278.
D.C. No. CV-93-01687-LKK.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 12, 1997.
Decided Mar. 11, 1998.
 
 1
 Appeal from the United States District Court for the Eastern District of California Lawrence K. Karlton, Chief District Judge, Presiding.
 
 
 2
 Before FLETCHER and T.G. NELSON, Circuit Judges, and WHALEY,** District Judge.
 
 
 3
 MEMORANDUM*
 
 A. 1991 Negotiations
 
 4
 There is, at a minimum, an issue of fact as to whether the 1991 negotiations resulted in a binding contract between JB & LE and MONY, and whether MONY was under an obligation to sign the tri-party agreement. The district court's grant of summary judgment on these issues was therefore erroneous.
 
 
 5
 Viewing the facts in the light most favorable to JB & LE, a reasonable jury could conclude that although JB & LE's November 9, 1991, offer was rejected by MONY, MONY's November 21 letter constituted a counteroffer by MONY. The November 21 letter states that MONY agrees to accept the offer made in the November 9 letter if JB & LE agrees to certain, enumerated modifications to the offer. JB & LE agreed to the enumerated modifications and accepted this counteroffer on December 4, 1991. The November 9 and November 21 letters therefore could constitute a binding contract between JB & LE and MONY.
 
 
 6
 This conclusion is supported by the fact that, prior to the November 9 and 21 letters, all of the documents sent back and forth between MONY and JB & LE contained disclaimers that such documents did not constitute a "workout agreement." In contrast, neither the November 9 nor the November 21 letters contained such a disclaimer. The lack of disclaimer in these two documents is further evidence from which a jury could infer that the parties intended to be bound by the terms contained in the letters.
 
 
 7
 MONY argues, however, that the November 9 and November 21 letters do not set out all essential terms and cannot, therefore, constitute a workout agreement. Specifically, MONY argues that the letters do not contain an agreement on what was to happen to the $13 million from the City if the joint venture between MONY and JB & LE was not consummated. We disagree. The November 21 letter stated that the $13 million "shall be paid directly to MONY, and shall be used for the purpose of paying down MONY's existing loan and past due debt service payments." It is clear from this language that MONY would receive the $13 million even if the joint venture failed.
 
 
 8
 Although, as MONY correctly argues, the November 9 and November 21 letters do not contain agreement on the terms of any agreement that was to be reached with the City regarding the subsidy buy-out, and do not address all of the terms that were to be contained in a yet-to-be-drafted joint venture agreement, these deficiencies are insufficient to show, as a matter of law, that there was no binding contract between JB & LE. See Addiego v. Hill, 238 Cal.App.2d 842, 48 Cal.Rptr. 240, 243 (Cal.Ct.App.1965) ("Neither law nor equity requires that every term and condition be set forth in a contract.").
 
 
 9
 There is also, at a minimum, an issue of fact as to whether, under the contract, MONY had an obligation to sign the tri-party agreement. A precondition to performance by MONY was the existence of an appropriate agreement with the City facilitating the payment of funds directly to MONY. If, through no fault of MONY, the City failed to make this arrangement, MONY's duties under the contract were discharged and MONY could foreclose on the loan since the restructure agreement would no longer be in effect. See Bennett v. Carlen, 213 Cal.App.2d 307, 28 Cal.Rptr. 647, 649 (Cal.Ct.App.1963) (holding that, where condition precedent to obligation to perform has never been fulfilled, there can be no breach of contract). However, because MONY and JB & LE had entered into a contract, MONY assumed a duty of good faith and fair dealing which prevented it from knowingly preventing the execution of an agreement with the City. See Bewick v. Mecham, 26 Cal.2d 92, 156 P.2d 757, 761 (Cal.1945) ("Each party to a contract has a duty to do everything that the contract presupposes that he will do to accomplish its purpose and a duty not to prevent or hinder performance by the other party." (citations omitted)).
 
 
 10
 There is evidence in the record that both the City and JB & LE were ready, willing and able to enter into an appropriate agreement, but that MONY prevented the tri-party agreement from coming into existence by refusing to sign. This tri-party agreement explictly provided that the $13 million would be paid directly to MONY on behalf of JB & LE. Viewing the evidence in the light most favorable to JB & LE, there is at a minimum a question of fact as to whether MONY violated its duty of good faith by refusing to sign the tri-party agreement. See Fry v. George Elkins Co., 162 Cal.App.2d 256, 327 P.2d 905, 908 (Cal.1958) (holding that there is an implicit obligation in a refinancing agreement to "put forth a good faith effort to obtain such refinancing on the [specified] terms" and that failure to "in good faith carry out that obligation" is a breach of contract).
 
 B. 1992 Negotiations
 
 11
 Application of the doctrine of collateral estoppel is precluded where the burden of proof in the two proceedings differs. See Wilcox v. First Interstate Bank, 815 F.2d 522, 531 (9th Cir.1987). In the present case, the first proceeding was a bankruptcy hearing on whether the automatic stay should be lifted. In that proceeding, the burden of proof was on MONY to show only that it had a "colorable claim," i.e., that it appeared to have a right to proceed with the foreclosure proceeding, and that there would not be irreparable harm if the stay was lifted. See In re Johnson, 756 F.2d 738, 741 (9th Cir.1985). See also Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26, 33 (1st Cir.1994). In contrast, the burden of proof in this civil proceeding is on JB & LE to show, by a preponderance of the evidence, that MONY was bound by the October 21, 1992, agreement. The district court's application of collateral estoppel, in light of these different burdens of proof, was erroneous. See Wilcox, 815 F.2d at 531.
 
 CONCLUSION
 
 12
 The district court's order granting summary judgment in favor of MONY on JB & LE's claims arising out of the 1991 negotiations, and applying the doctrine of collateral estoppel to bar JB & LE from proceeding with its claim that MONY was obligated to execute the October 21, 1992, agreement is REVERSED and the case is REMANDED for further proceedings consistent with this disposition.
 
 
 13
 REVERSED and REMANDED with instructions.
 
 
 
 **
 Honorable Robert H. Whaley, United States District Judge for Eastern Washington, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3