**Lindsey K. SPRINGER, Plaintiff–Appellant,**

v.

**Larry FLYNT, Larry Flynt d/b/a Hustler Magazine, and Larry Flynt d/b/a L.A. Free Press, Defendant–Appellee.**

No. 01–55201.

D.C. No. CV–99–01379–AHS.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2001 [*].

Decided Sept. 24, 2001.

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

### MEMORANDUM [**]

Lindsey K. Springer appeals pro se the district court's summary judgment in favor of defendant in his diversity action alleging breach of contract. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a grant of summary judgment, *Jesinger v. Nev. Fed. Credit Union,* 24 F.3d 1127, 1130 (9th Cir.1994), and we affirm.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the

Because Springer failed to demonstrate that a genuine issue of material fact exists as to whether he complied with the terms of the reward offer, the district court properly granted summary judgment. *See United States ex rel. Anderson v. Northern Telecom, Inc.*, 52 F.3d 810, 815 (1995); *Bennett v. Carlen*, 213 Cal.App.2d 307, 28 Cal.Rptr. 647, 649 (Cal.Ct.App.1963) (holding that, where a condition precedent to obligation to perform has never been fulfilled, there can be no breach of contract).

Contrary to Springer's contention, the district court properly denied his motion to compel discovery because Springer failed to show how his discovery request would preclude summary judgment. *See Hall v. Hawaii*, 791 F.2d 759, 761 (9th Cir.1986).

AFFIRMED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.