**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 05 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NATIONAL COMMISSION FOR THE CERTIFICATION OF CRANE OPERATORS, INC., a District of Columbia non-profit corporation, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> CALIFORNIA CRANE SCHOOL, INC., a California corporation and JOHN NYPL, an individual, <br><br> Defendants - Appellants. | No. 10-56468 <br><br> D.C. No. 2:08-cv-05440-JVS-AN <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted February 8, 2012[**]
Pasadena, California

Before: REINHARDT, WARDLAW, and CALLAHAN, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

California Crane School, Inc. ("CCS") and its owner John Nypl appeal the district court's grant of summary judgment to National Commission for the Certification of Crane Operators, Inc. ("NCCCO") on its breach of contract and civil contempt claims, and the district court's award of attorney's fees. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not err in granting summary judgment on the breach of contract claim. We review a district court's grant of summary judgment de novo. *Oak Harbor Freight Lines, Inc. v. Sears Roebuck, & Co.*, 513 F.3d 949, 954 (9th Cir. 2008). No genuine issue of material facts exists as to whether CCS breached the parties' 2005 settlement agreement by using the "CCO" mark in Internet domain names that advertised CCS's crane operator training courses. Internet addresses are not case-sensitive, and thus registering domains containing those letters, like ccotesting.com, was a breach of the agreement. CCS and Nypl admitted that they or their agents renewed the registration of fourteen domain names incorporating "CCO" after entering the settlement agreement. Nypl's self-serving affidavit did not suffice to create a genuine issue of material fact. *See FTC v. Pub. Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact.").

NCCCO did not implicitly waive its right to enforce the settlement agreement by acceding to CCS's use of the "CCO" mark. Appellants adduced no evidence that NCCCO was aware of CCS's continued use of the mark in violation of the settlement agreement between September 2005 and April 2008. Further, NCCCO did not breach the settlement agreement when it later ended its relations with CCS. CCS's compliance with the terms of the settlement agreement—which never occurred—was a condition precedent to all of NCCCO's obligations to engage in business with CCS. *See Bennett v. Carlen*, 213 Cal. App. 2d 307, 310-11 (1963).

2. The district court also properly granted summary judgment on the civil contempt claim. In 2005, the court enjoined Appellants from using the "CCO" mark. Appellants' breach of the settlement agreement also violated the injunction, and was "disobedience to a specific and definite court order by failure to take all reasonable steps within [their] power to comply." *In re Dual-Deck Video Cassette Recorder Antitrust Litigation*, 10 F.3d 693, 695 (9th Cir. 1993) (quotation omitted). The district court afforded CCS and Nypl due process by providing notice and multiple opportunities to be heard on the contempt claim prior to granting summary judgment in favor of NCCCO. *United States v. Ayers*, 166 F.3d 991, 995 (9th Cir. 1999) ("Civil contempt may be imposed in an ordinary

civil proceeding upon notice and an opportunity to be heard. Neither a jury trial nor proof beyond a reasonable doubt is required.").

3.      The district court did not abuse its discretion when it awarded attorney's fees. In civil contempt cases, "the question of attorney's fees [is entrusted] to the sound discretion of district courts." *Donovan v. Burlington Northern, Inc.*, 781 F.2d 680, 683 (9th Cir. 1986). CCS renewed its registration of the Internet domain names with the "CCO" mark within months of the injunction, and "the cost of bringing the violation to the attention of the court is part of the damages suffered by [NCCCO]." *Id.* at 684. The award of attorney's fees was also justified under the undisputed terms of the settlement agreement, which requires the non-prevailing party to pay the costs (including attorney's fees) of any action to enforce the injunction or settlement agreement. Finally, the award of fees was justified under California Civil Code section 1717, which gives the prevailing party on a contract claim "a right to recover attorney fees, whether or not that party is the party specified in the contract." *Hsu v. Abbara*, 9 Cal. 4th 863, 865 (1995). The district court properly held that NCCCO was the prevailing party notwithstanding its election to seek nominal damages for breach of contract.

**AFFIRMED.**