[S. F. No. 593. Department Two.—November 18, 1897.]

## NICK JOSICH, Respondent, v. AUSTRIAN BENEVOLENT SOCIETY OF SAN JOSE, Appellant.

BENEVOLENT SOCIETY—EXPULSION OF MEMBER—USE OF OPPROBRIOUS LANGUAGE—INTERFERENCE BY COURT.—Where the constitution of a benevolent society provides that one of its objects is the propagation of unity, friendship, and brotherly love among its members, and gives the society the right to expel a member who violates any of the principles of the society or offends against the constitution, the question whether opprobious language used by a member toward his fellows is a violation of its constitution or principles is for the society to determine, and its action in expelling a member therefor, after due notice and a fair trial, will not be interfered with by the courts.

ID.—PROPERTY RIGHTS OF MEMBER.—The interest which a member has in the property of such a society is only incidental to his membership, and will cease upon his ceasing to be a member. If he has forfeited his right of membership by reason of his conduct, this interest in the property will not prevent his expulsion, or give to courts the right to prevent an investigation of the charge, or to determine its sufficiency.

APPEAL from a judgment of the Superior Court of Santa Clara County. W. G. Lorigan, Judge.

The facts are stated in the opinion of the court.

James R. Lowe, and Charles Clark, for Appellant.

G. A. Danziger, and N. E. Wretman, for Respondent.

McFARLAND, J.—Defendant is a corporation organized under the laws of this state. Plaintiff, who was a member of the corporation, filed his petition for a writ of mandate, alleging his illegal expulsion by the defendant society, and praying that he be restored to full membership, as theretofore. The plaintiff had judgment in the lower court as prayed for, and the defendant appeals from the judgment.

It is not contended by respondent that he did not have a fair trial before the society after due notice; and the fact that he had such trial appears from the findings. It appears very fully that the only ground upon which the court below rendered its judgment was that stated in the ninth finding, which is as follows: "That the charges upon which the plaintiff and petitioner was tried and expelled constitute no offense against the said society, its constitution or by-laws, or rules or regulations, or resolutions, and that the said defendant society had no power, authority, or jurisdiction to try the said plaintiff and petitioner herein upon the said charge, or to expel him therefor; that there never was a constitutional provision, or by-law, or rule, or regulation, or resolution of said defendant society making or prescribing such charge a ground for expulsion."

The constitution of the society provides, among other things, as follows: "The object of the Austrian Benevolent Society of San José shall be relief of the sick members, the interment of the deceased members, the moral tuition of each other, and the propagation of general intelligence, unity, friendship, and brotherly love among all members." Article II, section 1, provides as follows: "Any member who shall violate any of the principles of the society or offend against the constitution, by-laws, or rules of the society shall be fined and reprimanded or expelled as the by-laws may direct or the society determine." Article XV, section 5, leaving out those parts of it not pertinent here, is as follows: "If any member shall . . . . be guilty of improper conduct, either in or out of the hall, . . . . he shall be fined, suspended, or expelled at the discretion of the society."

The charge against respondent upon which he was expelled was made by A. Anticevich, a member of the society, and is as follows:

"San José, May 14, 1895.

"To the president, vice-president, officers, and members of the Austrian Benevolent Society of San José.

"Sirs and brothers: I here, by this present, bring a formal charge against Bro. N. Josich.    On the evening of April 9, 1895, I went to Bro. N. Josich's house on an official visit (visiting committee) to inquire as to the state of his health and make report on that same evening to the society.    Bro. N. Josich received me somewhat cold, and after I had asked him how is his health was he answer me, 'There is a lot of sons of dogs.' I reply, 'No,. Nick,' and he answer, 'Yeas, Anticivich, their are lots of yours.' Now, brother president, officers, and members, I do bring a charge to Bro. N. Josich for such language use to one officer of our society.                    Fraternally yours,

                    "A. ANTICEVICH."

This was certainly most unfraternal language used toward not only the party making the charge, but toward a large number of the other members; and the judgment of the court below cannot be sustained, unless it can be held that the society itself had no right or jurisdiction to determine that the use of it was a violation "of the principles of the society," or an offense "against the constitution, by-laws, or rules of the society"—the purpose of the society as expressed in its constitution being, among other things, "the moral tuition of each other, and the propagation of general intelligence, unity, friendship, and brotherly love among all members."    We think that the power to determine that question was with the society itself, and assented to by the respondent by the contract which he made when he became a member of the society; and that what is proper fraternal conduct of a member of a society like the appellant is not a matter to be taken out of the hands of the society by a court, where the accused has had due notice and a fair trial in accordance with the constitution and by-laws of the society.    As this court said in *Von Arx v. San Francisco etc. Verein*, 113 Cal. 379: "Where the society has by-laws not unreasonable in their character which are applicable to

the difficulty out of which the litigation arises, and the asserted rights of the parties have been determined by the society in accordance with such by-laws, a court will not ordinarily interfere." The contention of the appellant is, we think, fully sustained by the recent decision of this court in *Lawson v. Hewel,* 118 Cal. 613. The property rights claimed by the appellant in that case were substantially as those claimed by the respondent in the case at bar; and the court there said: "His interest in the property thus appears to be only incidental to his membership, and will cease' upon his ceasing to be a member. If he has forfeited his right of membership by reason of his conduct, this interest in the property will not prevent his expulsion, or give to courts the right to prevent an investigation of the charge, or themselves to determine its sufficiency." And the court further say, quoting from the opinion in *State v. Odd Fellows' Grand Lodge,* 8 Mo. App. 148: "When men once associate themselves with others as organized bands, professing certain religious views, or holding themselves out as having certain ethical or social objects, and subject themselves to a common discipline, they have voluntarily submitted themselves to the disciplinary power of the body of which they are members, and it is for the society to know its own." When a member of such an association has been expelled, a court will not interfere on his behalf, unless it be shown that he has not had due notice of the charge against him and a fair trial; or that the rules which he is charged with violating are immoral, or against public policy, or contrary to the law of the land; or that they are clearly in contravention of natural justice; or that the decision against him has been made *mala fides* or from malice. And nothing of this kind appears in the case at bar. Persons who contemplate becoming members of a society like the respondent should understand that their rights as such members will, as a general rule, be determined by those with whom they thus voluntarily associate themselves, and that courts will not interfere with their fraternal troubles except in such extreme cases as are above indicated.

It is contended by respondent that the real merits of the case cannot be reached on this appeal because nothing except the judgment-roll is here. But the transcript shows that the decision was entirely based upon the ninth finding above quoted; which

is the same substantially as an order sustaining a general demurrer to the complaint, and shows clearly the basis upon which the judgment rests.

The judgment is reversed.

Temple, J., and Henshaw, J., concurred.