[Civ. No. 865.    Fifth Dist.    Dec. 26, 1967.]

JUSTIN J. DUCRAY, Plaintiff, Cross-defendant and Respondent, v. ALICE M. DUCRAY, Defendant, Cross-complainant and Appellant.

Cecil J. Bishop for Defendant and Appellant.

Colley & McGhee and Nathaniel S. Colley for Plaintiff and Respondent.

STONE, J.—Respondent filed an action for divorce, and appellant wife filed a cross-complaint for separate maintenance. The court granted respondent husband a divorce on the ground of cruelty, awarded the custody of three of the children to appellant, and ordered respondent to pay $65 per month per child for their support and, further, to pay $50 per month toward house payments on the family home which was awarded to appellant so long as appellant and any of the minor children reside therein. The decree provided for a division of the community property, and respondent was ordered to pay community indebtednesses and also attorney's fees for appellant.

The complaint for divorce originally filed by respondent alleged cruelty in general terms. Appellant's cross-complaint for separate maintenance likewise alleged cruelty in general terms. Respondent later amended his complaint to seek separate maintenance rather than divorce. Apparently the parties

attempted to reconcile and when they failed, respondent moved for leave to file an amended complaint for divorce.

In chambers, prior to trial, counsel for both parties stipulated that the matter would proceed on the original pleadings, that is, the husband seeking a divorce under the terms of his original complaint and the wife seeking a decree of separate maintenance on her cross-complaint. Trial was had to the court without a jury. Thereafter, the court filed a minute order, entitled ''Court's Decision,'' setting forth in detail the terms of the divorce, including child support, the division of community property and payment of community indebtedness. Counsel for respondent was ordered to prepare findings of fact and conclusions of law.

Appellant, upon being notified of the memorandum opinion, changed attorneys and substituted her present counsel in place of trial counsel. Her new counsel then filed motions on her behalf to reopen the case for the purpose of taking additional testimony and for leave to amend her cross-complaint to obtain a divorce rather than separate maintenance. She also filed objections to the findings of fact and conclusions of law proposed by respondent.

The motion to reopen was denied, as were the objections to the findings of fact and conclusions of law. Thereafter the trial court settled findings of fact and conclusions of law and entered an interlocutory decree of divorce in accordance with the prior minute order entitled ''Court's Decision.''

The wife has appealed from all parts of the interlocutory decree save the child custody award. She also asks this court to review the trial court's denial of her motion to reopen the case and denial of her motion for a new trial.

The trial of the action was not reported; appellant's counsel filed with the clerk of the lower court a document entitled ''Appellant's Condensed Narrative Statement of Oral Proceedings Material to Appeal.'' However, the statement was not settled by the trial judge, nor is there a stipulation by respondent's attorney that it is a correct statement of the evidence adduced at the trial. Consequently we cannot consider the statement a part of the record; in short, we have before us a judgment roll appeal.

Precisely this situation confronted the court in *Yount* v. *Arakalian Bros. Co.*, 26 Cal.App. 472 [147 P. 467]. There the court held that it could not take cognizance of the purported statement of evidence heard at the trial because it was not settled by the trial judge nor received by stipulation.

■ The upshot is that with this kind of record we cannot consider appellant's attack upon the sufficiency of the evidence to support that part of the judgment which awards child support but denies alimony, or consider her contention that the community property was not divided equitably. We have before us no valuation of the community property, and we cannot go outside the record, as appellant occasionally has done in her brief. ■ On this judgment roll appeal the sufficiency of the evidence to support the findings is not open to question. (*Kopf* v. *Milam,* 60 Cal.2d 600 [35 Cal.Rptr. 614, 387 P.2d 390]; *De Vries* v. *Brumback,* 53 Cal.2d 643 [2 Cal. Rptr. 764, 349 P.2d 532]; *Johnson* v. *Hayes Cal. Builders, Inc.,* 60 Cal.2d 572, 576 [35 Cal.Rptr. 618, 387 P.2d 394].) We are confined to a determination whether the complaint states a cause of action, whether the findings are within the issues, and whether the judgment is supported by the findings (*Arruda* v. *Arruda,* 218 Cal.App.2d 410, 414 [32 Cal.Rptr. 257]), none of which is raised by appellant.

We turn to appellant's contention that the court erred in (a) denying her motion to reopen the case so that she could produce additional evidence, (b) not permitting her to amend her cross-complaint, and (c) denying her motion for a new trial. We discuss these contentions together as they rest upon the same general ground that she was prevented from having a fair trial, and they are matters within the discretion of the trial court.

Appellant's basic contention is that she did not receive a fair trial because of her husband's unfair tactics which took her by surprise and caused her to become so upset and distraught that she was unable to cooperate with her attorney in seeing that pertinent evidence was presented. She asserts that her surprise and emotional distress developed when two days before the trial she learned that her husband sought to amend his complaint for separate maintenance and seek a divorce. This shocked and confused her because she and her husband were practicing Catholics. Her confusion was abetted by the husband's presentation of evidence reflecting that while he was absent in military service she committed adultery which resulted in the birth of a child. It was her understanding, gained through her attorney, that her husband would not use this evidence against her, and when he did produce it the shock prevented her from thinking to testify that he had admitted to her that he, too, committed adultery about the same time.

484

■ It is settled that after a case has been submitted discretion is vested in the trial court to determine whether it should be reopened to permit the taking of further evidence or the amendment of pleadings. The ruling of the trial court will not be reversed on appeal unless there is a clear showing of an abuse of discretion. (*Malibou Lake Mountain Club, Ltd.* v. *Robertson,* 219 Cal.App.2d 181, 185 [33 Cal.Rptr. 74] ; *Lyons* v. *Lyons,* 190 Cal.App.2d 788, 791 [12 Cal.Rptr. 349] ; *Virtue* v. *Flynt,* 164 Cal.App.2d 480, 489 [330 P.2d 879].) We find no abuse of discretion here.

■ The chronology of events disclosed by the record does not support appellant's claim that the trial court erred as a matter of law in not permitting her to reopen the case or grant a retrial. When the husband filed the complaint eight months prior to the divorce hearing, he sought a divorce, so appellant did not hear of the matter for the first time two days before trial. Appellant's counsel stipulated on the day of trial that the case would be tried on the original complaint for divorce. Although appellant failed to testify as to her husband's admission of adultery, she at least had an opportunity to give the testimony. The husband produced his evidence as to her adultery during his case in chief as plaintiff. After he rested, appellant put on her case, which gave her ample opportunity to testify concerning her husband's admission to her of his adultery. No continuance was necessary to obtain evidence ; it was simply a matter of appellant testifying. Thus, insofar as concerns the sequence of events, appellant was not prevented from having her day in court.

■ There remains, however, the question whether appellant was, in fact, so shocked by the turn of events that she was unable to cooperate with her counsel and present her evidence. That determination is exclusively a question of fact, and as such it is peculiarly within the province of the trial court. It must be noted that the trial judge, having observed appellant during the trial and having heard her testify, was in a position to decide whether she was mentally perturbed or so upset that she was unable to cooperate with her counsel, and whether she testified fully and coherently. Present counsel for appellant, who did not try the case, had no such opportunity to observe appellant, nor was this court so circumstanced. Therefore we cannot overturn this fact determination of the trial court.

The judgment is affirmed.

Conley, P. J., and Gargano, J., concurred.