Filed 7/29/15  Breitman v. Breitman CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| SHARA BREITMAN,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GERALD BREITMAN, an Incompetent Person, etc.,<br><br>    Defendant and Appellant. | 2d Civil No. B257255<br>(Super. Ct. No. SD033769)<br>(Ventura County) |

Husband appeals an order awarding all insurance policies on husband's life to wife.  We affirm.

### FACTS

Shara (wife) and Gerald (husband) Breitman dissolved their marriage in 2007.  The parties have an adult child, who is disabled and requires ongoing care and support.

The parties entered into a marital settlement agreement (MSA) in April 2007.  The agreement required husband to pay wife spousal support.  It also required husband to make wife beneficiary of four specified insurance policies insuring husband's life.  The MSA provides the court reserves jurisdiction over any

assets not specifically covered by the agreement and to make further orders to carry out the provisions of the agreement. The court entered judgment on the agreement.

In August 2008, husband was diagnosed with Alzheimer's type dementia. He moved for a termination of spousal support because he was unable to work. The court terminated husband's obligation to pay spousal support. Eventually, the court ordered wife to pay husband $1,500 per month in support.

The parties continued to dispute various matters, including ownership of husband's life insurance policies.

The matter came on for trial on March 2, 2012. The court had appointed the Public Guardian as husband's guardian ad litem. County counsel represented husband and the guardian at trial. The court allowed husband's caretaker, Bonnie Cimo, and a representative from the Alzheimer's Association to be present to help him understand the proceedings. Wife appeared with her counsel. The parties waived a court reporter.

After some evidence was taken at trial, counsel for each of the parties entered into a stipulation for judgment. The trial court entered judgment pursuant to the stipulation. As to husband's life insurance policies, the judgment states: "[A]ll life insurance policies covering the husband are awarded to wife who shall be the owner thereof and pay all premiums thereon."

Thereafter, the court relieved the Public Guardian and County Counsel. The court appointed husband's caretaker, Bonnie Cimo, as guardian ad litem. The court denied husband's motion for reconsideration.

DISCUSSION

I.

Husband contends there is no evidence that the parties agreed to transfer ownership of insurance policies covering his life.

2

But, here, the parties waived a court reporter. In an appeal without a reporter's transcript, the sufficiency of the evidence cannot be challenged. (*Ducray v. Ducray* (1967) 257 Cal.App.2d 480, 482.)

In any event, it appears from the court's minutes that counsel stipulated in open court, someone wrote out the stipulation by hand, and the trial court approved the stipulation and made it its judgment. Husband cites no authority that such a procedure is improper.

Husband argues that the Public Guardian, his guardian ad litem, was not present in court. But the Public Guardian was represented by county counsel at trial. Husband cites no authority requiring the guardian ad litem to be personally present.

Husband argues the order does not reflect the agreement he made and that, in any event, he is incompetent to make an agreement. But that is the point. Husband is incompetent to make an agreement so his guardian ad litem, through counsel, made an agreement for him.

Code of Civil Procedure section 372, subdivision (a)(1), provides in part that a guardian ad litem "shall have power, with the approval of the court in which the action or proceeding is pending, to compromise the same [and] to agree to the order or judgment to be entered therein . . . ." That is what occurred here.

Husband argues the court lacked jurisdiction to make the order. He argues the order is broad enough to encompass insurance policies obtained after the MSA and for which others are paying the premiums. Husband points to no evidence of any such policies. In addition, the MSA provides the court reserves jurisdiction over any assets not specifically covered by the agreement and to make further orders to carry out the provisions of the agreement.

Although, the MSA mentions four particular policies as belonging to wife, the guardian ad litem and the trial court may have concluded it was intended

3

to encompass all policies insuring husband's life. Wife is the caretaker of the parties' disabled daughter, who will need support and may not be competent to hold the policies in her own name.

The judgment is affirmed. The parties shall bear their own costs.

NOT TO BE PUBLISHED.


GILBERT, P. J.


We concur:


YEGAN, J.


PERREN, J.

4

Matthew P. Guasco, Judge

Superior Court County of Ventura

_____


Ribet & Silver, Claudia Ribet for Defendant and Appellant, through his Guardian ad Litem Bonnie Cimo.

Stephanie Farr White for Plaintiff and Respondent.