Filed 9/2/15  Philips v. Smurro CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| WAYNE PHILIPS, | |
| Plaintiff and Respondent, | G049791 |
| v. | (Super. Ct. No. 30-2012-00558438) |
| THOMAS E. SMURRO, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Andrew P. Banks, Judge.  Affirmed.

Thomas E. Smurro, in pro. per., for Defendant and Appellant.

Wayne Philips, in pro. per., for Plaintiff and Respondent.

\*        \*        \*

This case concerns a dispute over attorney fees. Plaintiff Wayne Philips sued defendant Thomas E. Smurro to recover his fee for representing defendant in a prior lawsuit. The trial court awarded plaintiff over $58,000 in damages, prejudgment interest, and costs. Defendant contends the award is excessive because it included fees interpleaded by the opposing party in the prior action, plus prejudgment interest on those funds. We conclude his arguments lack merit and affirm the judgment.

FACTS AND PROCEDURAL BACKGROUND

Defendant, an attorney, retained plaintiff to represent him in a lawsuit against Cantamar Community Association (Cantamar), defendant's homeowners association. The retainer agreement provided plaintiff would be entitled to "ninety-five percent (95%)" of any court-ordered attorney fee award, plus costs, and granted plaintiff "a lien on . . . all claims."

Defendant prevailed at trial in the Cantamar action and the court awarded him a gross attorney fee award of $49,000. However, the court reduced the amount Cantamar owed to defendant by $12,800, citing Cantamar's success in striking defendant's cross-complaint. Cantamar was directed to deposit the balance, i.e., $36,200, with the court and it eventually did so.

Plaintiff requested defendant pay him 95 percent of the $49,000 gross attorney fee award, plus unreimbursed costs. Defendant failed to do so. After defendant also failed to respond to a proposal for arbitration of the fee dispute, plaintiff filed this action. While the case was pending, plaintiff sought release of the $36,200 deposited by Cantamar. Defendant opposed the motion and the court denied plaintiff's request.

After a four-day trial, the court ruled in plaintiff's favor. It also authorized the release of Cantamar's $36,200 deposit to plaintiff. Defendant then agreed to stipulate to the release of these funds and also sent plaintiff a check for $11,072.88 with a letter

authorizing him "to negotiate" it "immediately." After the trial court denied defendant's motion for a new trial, he sent plaintiff a second check for $9,504.17 with authorization "to negotiate [it] immediately." The court's final judgment awarded plaintiff $58,210.88, consisting of $47,272.88 in attorney fees, $9,583.51 in prejudgment interest, and $1,354.49 in costs.

DISCUSSION

*1. Defendant's Waiver of the Right to Appeal*

As noted, before filing this appeal defendant stipulated to disbursement of the $36,200 Cantamar deposited in the prior action and sent plaintiff two checks totaling $20,577.05. The first check approximated the difference between 95 percent of the gross attorney fee awarded in the Cantamar action and the amount of Cantamar's deposit. The second check totaled all but $80 of the prejudgment interest contained in the amended judgment. Nothing in the record suggests defendant made these payments under a threat of execution or other coercion. At our request, the parties briefed the question of whether defendant's actions constituted a waiver of his right to appeal from the judgment. We now conclude the answer to this question is no.

While cases hold "a party who voluntarily complies with the terms of a judgment impliedly waives the right to appeal" (*A.L.L. Roofing & Bldg. Materials Corp. v. Community Bank* (1986) 182 Cal.App.3d 356, 359), the "deprivation of the right to appeal ensues only when it is shown that the payment of the judgment was by way of compromise or with an agreement not to take or prosecute an appeal." (*Estate of Merrill* (1946) 29 Cal.2d 520, 524; *Miller v. Cabral* (1970) 13 Cal.App.3d 503, 506.) Here, the record does not contain any indication defendant made the foregoing payments "by way of compromise or pursuant to an agreement not to prosecute an appeal." (*Reitano v. Yankwich* (1951) 38 Cal.2d 1, 4.) Apparently, he made the foregoing payments to avoid

3

incurring additional interest on the judgment. The record also does not indicate defendant paid or offered to pay the outstanding court costs in this action.

Plaintiff's reliance on our decision in *Satchmed Plaza Owners Assn. v. UWMC Hospital Corp.* (2008) 167 Cal.App.4th 1034 is unavailing. That case concerned an attempted appeal by a party that had *accepted the benefits of the trial court's judgment*. In this case, defendant was not benefited by the judgment. Under the circumstances, we conclude he can maintain this appeal.

## 2. *The Validity of the Judgment*

Nonetheless, on the merits, the appeal is fruitless. In line with the general principles governing appellate review, "'[i]t is the burden of the party challenging the fee award on appeal to provide an adequate record to assess error'" (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141), and "'"[a]ll intendments and presumptions are indulged to support [the judgment] on matters as to which the record is silent"'" (*id.* at p. 1140). Defendant's appendix consists of only the pleadings, new trial motion, some exhibits, and the judgment. Thus, it is the equivalent of a judgment roll. (*Kopf v. Milam* (1963) 60 Cal.2d 600, 601; *Williams v. Inglewood Board of Realtors, Inc.* (1963) 219 Cal.App.2d 479, 482.) In an appeal based on the judgment roll, we "'conclusively presume that the evidence is ample to sustain the findings'" (*National Secretarial Service, Inc. v. Froehlich* (1989) 210 Cal.App.3d 510, 522), and "are confined to a determination whether the complaint states a cause of action, whether the findings are within the issues, and whether the judgment is supported by the findings" (*Ducray v. Ducray* (1967) 257 Cal.App.2d 480, 483).

Defendant does not challenge the sufficiency of the pleadings. Plaintiff alleged in his complaint that he was entitled to recover a fee constituting 95 percent of the gross fee awarded to defendant in the Cantamar action, and the judgment awarded that relief. Defendant did not request a statement of decision and thus we "presume[] the trial

4

court made all necessary findings supported by substantial evidence." (*Acquire II, Ltd. v. Colton Real Estate Group* (2013) 213 Cal.App.4th 959, 970.)

Rather, defendant argues the judgment is legally erroneous because plaintiff's attorney's "lien gave him constructive possession of the $36,200" and thus he should have been awarded only the difference between the amount of the deposit and 95 percent of the original $49,000 fee award rendered in the Cantamar action. For the same reason, defendant claims the award of prejudgment interest is also excessive.

Plaintiff concededly had an enforceable attorney's lien. (*Cetenko v. United California Bank* (1982) 30 Cal.3d 528, 531.) But he was not a party to the Cantamar action and needed to file an "independent action . . . to establish the amount of the lien and to enforce it" (*Hansen v. Jacobsen* (1986) 186 Cal.App.3d 350, 356). In this action, defendant disagreed with plaintiff's request for a recovery based on the gross attorney fee awarded in the Cantamar action, arguing plaintiff was only entitled to 95 percent of the net fee award, i.e., $36,200. Because of this dispute, the court rejected plaintiff's pretrial motion that it release the funds deposited by Cantamar. Thus, defendant's assertion plaintiff "always had a right to collect the $36,200 held by the court" lacks merit and the trial court properly included that amount in the judgment awarded to plaintiff.

Defendant's reliance on *Hunt v. Hackett* (1973) 36 Cal.App.3d 134 for the proposition that a court cannot enter "a judgment for more than the unpaid balance owed to the judgment creditor after applying any amounts that had already been paid" is unavailing. There plaintiffs suing several parties alleged to be jointly liable for their loss, settled with some of the defendants, receiving payment of a portion of the damages. The court subsequently entered judgment for the entire amount sought by plaintiffs without deducting the sum previously paid to them.

For the same reasons, the trial court did not err in awarding prejudgment interest on the $36,200 deposit. The retainer agreement entitled plaintiff to receive 95 percent of any court-ordered attorney fee awarded to defendant in the Cantamar action.

5

In the Cantamar action the court awarded defendant a gross fee of $49,000. The amount of plaintiff's fee, 95 percent of the $49,000 award, was readily calculable. (Civ. Code, § 3287, subd. (a)) Defendant's failure to pay it upon demand entitled plaintiff to receive prejudgment interest on the entire judgment, including the amount Cantamar deposited with the court. Further, since the issue here is plaintiff's entitlement to prejudgment interest in the current lawsuit rather than the Cantamar litigation, defendant's reliance on Code of Civil Procedure section 685.030 and cases involving a party that deposited funds in favor of another party to the same action is misplaced.

We conclude the trial court's judgment properly included the $36,200 deposited by Cantamar and prejudgment interest on that amount.

DISPOSITION

The judgment is affirmed. Respondent shall recover his costs on appeal.

RYLAARSDAM, ACTING P. J.

WE CONCUR:

ARONSON, J.

IKOLA, J.

6