[L. A. No. 13870. In Bank.—March 24, 1933.]

LEONARD B. COLTON, Respondent, v. MARY T. O'BRIEN, Appellant.

Harmel L. Pratt for Appellant.

Mott, Vallee & Grant for Respondent.

TYLER, J., *pro tem.*—Action to recover a real estate broker's commission alleged to have been earned on an exchange of certain parcels of real property.

The complaint alleges that appellant employed respondent, a real estate broker, to exchange for her certain property, and executed and delivered to him a written agreement whereby she offered to exchange her equity, valued at $125,000, in real property owned by her in Portland, Oregon, for other

property of a like value. The agreement among other things provided that the broker had the authority to act as agent for all parties and accept commissions therefrom. Upon an exchange being made, appellant, the owner, agreed to pay respondent the sum of $3,000 for his services, to become due on the execution of the agreement. The complaint then alleges that plaintiff secured from one Lewis E. Gumplo and his wife their acceptance in writing of the offer of exchange for certain property owned by them in Los Angeles, upon condition that a loan of $35,000 could be placed on the Portland property. Further allegations are to the effect that plaintiff submitted this proposal to appellant and that she accepted and approved the same upon all the terms and conditions set forth in the offer of exchange by indorsing thereon the words: ''I hereby accept this deal . . . '' Judgment was accordingly prayed for.

Appellant demurred to the complaint on various grounds. The demurrer was overruled and defendant answering alleged that the proviso contained in the acceptance by the Gumplos was never performed, and the deal never went into effect. In a second defense defendant pleaded that she never agreed to perform or assist in performing the condition relating to the loan; that the same had never been performed by plaintiff or the Gumplos and, further, that the Gumplos had refused to exchange their property on account of failure on the part of plaintiff to obtain the loan provided for in the offer of exchange. Judgment went in favor of plaintiff. Motion for a new trial was made and denied. This is an appeal from the judgment and the order overruling the demurrer.

█ We are of the opinion that the judgment finds no support in the evidence. The exchange agreement provided that the brokerage commission for services rendered was to become due on the execution of the agreement by all parties. Had the parties secured by respondent broker made an exchange in conformity with appellant's offer, there can be no question that respondent would be entitled to the judgment he has obtained, for in that event he would have done everything he was employed to do and his agreed commission would have been earned. But the case does not present such a situation. █ The Gumplos never accepted the offer as made by appellant. They wrote into the ex-

change agreement a new condition upon which they were willing to exchange their property for that owned by appellant. The effect of this conditional acceptance was a rejection of appellant's offer. (*Wristen* v. *Bowles,* 82 Cal. Cal. 84, 87 [22 Pac. 1136].) Appellant agreed to the new condition, but it was never fulfilled owing to the fact that the loan could not be procured under the terms required by the Gumplos. Plaintiff therefore never produced a party willing and able to consummate the agreement. It was not the duty of appellant to procure the loan. She made no agreement so to do. The procurement of the loan was a condition precedent to the exchange. As the exchange was never made, appellant's acceptance of the conditional offer was never fulfilled and plaintiff was not, therefore, entitled to his commission.

A broker must bring about a completed transaction in accordance with his undertaking. He is never entitled to a commission for unsuccessful efforts. His commission comes only with success. Success is the very object of the contract. Unsuccessful efforts are of no benefit to the owner and afford no ground of action. This conclusion renders unnecessary a discussion of the questions raised on demurrer.

The judgment is reversed.

Waste, C. J., Langdon, J., Preston, J., Seawell, J., Curtis, J., and Shenk, J., concurred.

Rehearing denied.

Shenk, J., and Thompson, J., dissented.