[L. A. No. 13871. In Bank.—March 24, 1933.]

LEONARD B. COLTON, Respondent, v. LEWIS E. GUMPLO, Appellant.

Woodruff, Musick & Hartke and H. L. Pratt for Appellant.

Mott, Vallee & Grant for Respondent.

TYLER, J., *pro tem.*—Action to recover a broker's commission alleged to have been earned in negotiating an exchange of real property. The action arose out of the same transaction involved in *Colton v. O'Brien,* this day decided (*ante,* p. 551 [20 Pac. (2d) 43]). The facts, however, are different in some particulars.

Plaintiff, respondent herein, brought this action to recover the sum of $4,000 claimed to be due as a commission for procuring an agreement to exchange certain real property located in Portland, Oregon, belonging to Mary T. O'Brien, for property owned by defendant in Los Angeles. Respondent had on June 27, 1928, procured an exchange agreement

from Mrs. O'Brien and on the same day, upon showing the agreement to appellant Gumplo, procured an exclusive listing from the latter of his Los Angeles property. Appellant and respondent talked over the O'Brien Portland property and appellant Gumplo suggested that respondent check up its valuation and ascertain whether or not a $35,000 loan could be procured thereon. Respondent thereupon went to Portland, looked up the property and there applied to a mortgage company for the requisite loan thereon. The application for the loan was signed by respondent Colton. In the application for the loan the estimated rental was placed at $500 per month. Respondent then returned to Los Angeles, at which time Gumplo discussed with respondent broker the proposed exchange. Gumplo then suggested that respondent return to Portland and ascertain if the property could be disposed of on an outright sale, appellant paying the expenses of the trip. Respondent failed to receive a satisfactory bid, but informed appellant Gumplo that he had made definite arrangements for the loan and recommended appellant's acceptance. Gumplo and his wife then signed their acceptance of the exchange agreement which provided for the payment of the agreed commission for services, to become due on the execution of the agreement of exchange by all parties. This acceptance of exchange, however, was dependent upon the condition that a loan of $35,000 be procured on the Portland property. Thereafter an escrow was opened with a bank, appellant's instructions providing for the placing of such loan. The day the escrow was opened, respondent exhibited to appellant the application he had signed at Portland for the loan. Appellant took exception to the representation contained therein as to the rental value of the property being $500 per month. He refused to sign until he had word from the mortgage company through which the loan was to be made that there was no misrepresentation upon this subject. He wired the mortgage company informing it that the income was but $40 a month, and inquired if the loan would be made. In reply thereto he was informed that the loan would be made provided the building was reconditioned and rented. He thereupon wired the company that he would make no improvements. The mortgage company then informed him that the loan would not be made.

The improvements required by the mortgage company involved the expenditure of about $10,000. The commission agreement between the parties hereto provided that in the event no trade was consummated between Gumplo and Mary T. O'Brien, appellant was under no obligation of any kind to respondent Colton. The court found, among other things, that defendant, without cause, arbitrarily and capriciously, abandoned the proposed exchange and declared his intention of proceeding no further therewith. Judgment followed in favor of plaintiff. A careful search of the record fails to reveal any support whatsoever for such a finding. The uncontradicted evidence shows that plaintiff did not procure the loan provided for in his agreement. The proposed loan, under which appellant would be bound to make the costly and extensive improvements before he obtained it, did not fulfill the condition provided for in this respect. No sale ever having been consummated by reason of plaintiff's inability to procure the loan, he was not entitled to any commission. The procurement of the character of loan required was a condition precedent to the exchange. A broker is never entitled to a commission for unsuccessful efforts. Here plaintiff is attempting by these actions to recover $7,000 for services he never performed and which were of no benefit whatsoever to the parties.

The judgment is reversed.

Waste, C. J., Langdon, J., Preston, J., Seawell, J., Curtis, J., and Shenk, J., concurred.

Rehearing denied.

Shenk, J., dissented.