[Civ. No. 1430.  Fourth Appellate District.—November 24, 1933.]

P. A. HEINFELT et al., Appellants, v. FRED ARTH, Respondent.

Swing & Swing for Appellants.

Burton E. Hales for Respondent.

BARNARD, P. J.—The plaintiffs brought this action to collect a real estate commission alleged to have been earned by them. The court denied recovery on the sole ground that the copartnership, as distinguished from the individuals constituting the same, was not separately licensed under the California Real Estate Act (Deering's General Laws, 1931, vol. 1, p. 25). The complaint alleged that the plaintiffs P. A. Heinfelt and M. G. Hoffman were copartners doing business under the fictitious firm name and style of National Realty Company, and that they had duly recorded and pub-

lished the required certificate of such fictitious name. It was further alleged that each of the plaintiffs was duly licensed as a real estate broker. These allegations were not denied in the answer and were, therefore, admitted (*Vickery* v. *Valdez,* 113 Cal. App. 135 [298 Pac. 151]). The only findings were to the effect that the National Realty Company, as a copartnership, was not alleged and proved to have been licensed as a real estate broker. ■ The plaintiffs have appealed upon the judgment-roll alone and the only question requiring our consideration is whether two individuals who have been duly licensed as real estate brokers and who constitute all of the members of a copartnership may bring and maintain an action for the collection of a commission earned by them while acting as such copartners, when the copartnership, as such, has not been separately licensed.

The respondent relies upon certain language used in the opinion in *Wise* v. *Radis,* 74 Cal. App. 765 [242 Pac. 90]. The language referred to is clearly *dicta,* as the question now before us was not involved in that case and the court expressly refrained from passing upon the same.

Section 1 of this act provides that it shall be unlawful for any person, copartnership or corporation to act as a real estate broker without first obtaining a license. So far as a copartnership is concerned, this provision contains an element of uncertainty and indefiniteness, since a copartnership is not a separate entity and cannot, in itself, act as a broker or in any other capacity except as it acts through one or more of its individual members. Section 20 provides that no person, copartnership or corporation shall bring or maintain an action for the collection of a real estate commission without alleging and proving that such person, copartnership or corporation was at the time a licensed broker or salesman. The uncertainty referred to is here further complicated by the fact that a copartnership, even if directly licensed, could not, as such, maintain such an action. While a partnership, as such, may be sued in this state, it may not bring and maintain an action and in any action arising from a transaction in which the partnership has been engaged the individual members thereof are the real plaintiffs irrespective of the name under which they operate (*Ginsburg Tile Co.* v. *Faraone,* 99 Cal. App. 381 [278 Pac. 866]). If a

partnership has no existence apart from its members, cannot act as a broker except through its members, cannot bring an action except in the name of its members and, if all its acts and rights are the acts and rights of its members, it would seem reasonable that where the validity of any such acts depends upon the existence of a license the essential thing would be the existence of a license applying to and covering each partner. Properly construed, we think the Real Estate Act recognizes this and provides for it.

Assuming that a copartnership must in some way be licensed as a broker, the question remains as to how this may be done under the terms of the act. Section 9 relates to the manner of making application for a license. While it contains several references to a copartnership it is at once apparent that its provisions, in so far as a copartnership is concerned, are most vague. It would be obviously impossible for a copartnership, as such, to furnish some of the things required of an applicant which, of necessity, would have to be furnished by and would have to relate to the individual members of the partnership. While the act seems to provide that a license may be issued to a partnership with the definite limitation that all members who are to act for the partnership shall in some way be licensed, the act contains neither a provision that this is the only way a partnership can be licensed nor any provision forbidding individuals who are fully licensed from acting in partnership with each other. In section 8 certain limitations on a broker's license are set forth. While these are designed to and they do limit any license that may be granted to a corporation or a partnership so that the same may not apply to an unlicensed person or permit such a person to act under the same or profit thereby, it is significant that they contain no limitation upon a license that is issued to an individual. In so far as the effect of a license is concerned the act places no limitation upon an individual who may be licensed other than that he may not share his compensation with an unlicensed person. If the act is to be construed in such a manner as to prevent two individuals who are licensed without limitation, other than the one referred to, from working in partnership with each other, this result must arise from inference only. If the respondent's position is correct, although these two plaintiffs were licensed without limitation

they would in effect be unlicensed the moment they agreed to work in partnership even for one transaction only, unless they secured another license in the firm name, which in turn would be worthless unless each were again in some way licensed. We think we are not required to give to the act so unreasonable a construction. If the legislature ever intended to prohibit two individuals who have been given an unlimited license from working together in partnership it should have plainly said so, and such a result should not have been left to mere inference.

In *Riley* v. *Chambers*, 181 Cal. 589 [185 Pac. 855, 856, 8 A. L. R. 418], the court said:

"Now the single primary purpose of the act is to require of real estate brokers and salesmen that they be 'honest, truthful and of good reputation'. All of its provisions, including the requirement of a license, are but incidental to this single purpose and designed to accomplish it."

The entire act discloses an intent to accomplish its purpose of protecting the public in the matter of the truthfulness, honesty and good reputation of real estate brokers and salesmen by requiring that every individual who acts as a real estate broker and benefits thereby shall be licensed. It discloses a definite intention to prevent unlicensed persons from acting as brokers and benefiting thereby under cover of a partnership and to this end contains elaborate provisions to prevent any person from directly or indirectly engaging in the business without a license.

We think it is equally clear that it was not intended to limit the activities of any broker who is actually licensed as such and who has fully complied with the terms of the act, or to prevent him from working in partnership with another broker who is also duly licensed. Where each of two partners are already licensed it would be a mere matter of form to require a separate license in the name of the partnership. This would accomplish nothing useful in carrying out the purpose of the act and would, in fact, call for merely a double license for persons whose qualifications have already been favorably passed upon. Such a result can be held necessary only by an inference based upon an unnecessarily technical construction of the act, would be in many respects inconsistent with both the purpose of the act and the language used, and is not what the legislature can rea-

sonably be supposed to have intended. The essential requirement of the act is that every person, natural or artificial, operating as a real estate broker must obtain a license so to do. In the absence of a positive provision to the contrary, it is in accord with both the letter and the spirit of the act to hold that fully licensed individuals may work in partnership with each other without obtaining another license in the firm name, the only possible effect of which would be to license the same individuals who are already licensed. The fact of partnership is only incidental and cannot interfere with the rights of its members as licensed brokers. In our opinion, a partnership is licensed as a real estate broker within the meaning of this act when each member of the partnership is licensed, whether through a general license or in the other way apparently authorized by the act although vaguely provided for, that is, through one in the name of the partnership, applying to the persons named therein, and to be supplemented by other licenses for those members not named therein. This action is by all of the individuals composing the copartnership and, each being licensed, the action can be maintained without alleging or proving a separate license in the name of the partnership.

█ The evidence is not before us, but if the fact be that the written authorization named the National Realty Company instead of naming the plaintiffs individually, that fact would make no difference in this action. The appellants had recorded and published notice of the fictitious name under which they operated and the respondent not only had constructive notice of their identity, but he admitted in his answer that he authorized these plaintiffs to sell or exchange the property described in the complaint. █ While the appellants are under the necessity of showing a written authorization of employment, not only has the respondent admitted such an authorization here, but it is well settled that a memorandum only is sufficient, that a complete contract is not required, and that the identity of the agent may be shown by parol (*Moore* v. *Borgfeldt,* 96 Cal. App. 306 [273 Pac. 1114]).

The judgment appealed from is reversed.

Marks, J., and Jennings, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 22, 1934.