[Civ. No. 36567. Second Dist., Div. One. Nov. 16, 1970.]

MAYWOOD MUTUAL WATER COMPANY NO. 3,
Plaintiff and Appellant, v.
COUNTY OF LOS ANGELES et al., Defendants and Respondents.

958

## COUNSEL

George C. Gillette for Plaintiff and Appellant.

John D. Maharg, County Counsel, and DeWitt W. Clinton, Deputy County Counsel, for Respondents.

## OPINION

LILLIE, J.—Plaintiff brought this action to recover property taxes paid under protest. The first cause of action alleged that plaintiff was not the owner of some 2,022 water service connections and meters which, for that reason, were improperly assessed to it for the fiscal year 1967-1968. The second cause of action sought judicial review of the denial by defendant assessment appeals board (sitting as the county board of equalization) of plaintiff's application for reduction of tax assessments, also for the year 1967-1968, on its plant, equipment and real estate; attached to the complaint was the transcript of the hearing before the board. Judgment was entered for defendants; plaintiff appeals. It must be concluded for the reasons appearing below that the judgment should be affirmed.

At the hearing before the appeals board the ownership issue, tendered by the pleadings as to the first cause of action, admittedly was presented by plaintiff only tangentially; as a result, the appellate record is devoid of any evidence, save for the claims thereto in the complaint (which the answer denied), that the meters belonged to plaintiff's customers. As to the first cause of action, therefore, there is no reporter's transcript, nor is there any finding of fact or stipulation with respect to the ownership of the meters; instead, as disclosed by the clerk's transcript, there are simply conclusions of law and a judgment which provide that plaintiff take nothing from defendants on such cause of action. ■ The appeal thus being on the clerk's transcript, it must be treated as an appeal on the judgment roll (*Kopf* v. *Milam*, 60 Cal.2d 600, 601 [35 Cal.Rptr. 614, 387 P.2d 390]), and unless error appears on the face of the record, all intendments will be in support of

the judgment. (*Dumas* v. *Stark,* 56 Cal.2d 673, 674 [16 Cal.Rptr. 368, 365 P.2d 424].)

█ It is contended, however, that such error is found in the court's post-submission minute order (October 16, 1969) reciting in pertinent part that "The objection to the assessment as to the meters is beyond the jurisdiction of this court to review." After noting that defendants never questioned the court's jurisdiction to determine the issue of ownership, and after citation of decisional law supporting its claim that the superior court was authorized to decide whether the meters belonged to persons other than plaintiff, the contention is made that the court erred in its "prevention of introduction of testimony as to the ownership of the meters." As earlier shown, there is no reporter's transcript and plaintiff has not pointed to any part of the transcript of the hearing before the board which supports the claim above quoted. Instead, in its reply brief, and by way of answer to defendants' proper assertion that generally a trial court's formal judgment may not be impeached by a prior memorandum or order inconsistent therewith (*In re Miller,* 244 Cal.App.2d 454, 459 [53 Cal.Rptr. 211]), plaintiff relies on *Ehrenreich* v. *Shelton,* 213 Cal.App.2d 376 [28 Cal.Rptr. 855], where the trial court's so-called "erroneous reasoning" in arriving at the result was not only reflected by the minutes of the court but also found its way into the findings. In the instant proceeding, by contrast, no finding was made on the issue of ownership for the manifest reason that such issue was apparently never tried although plaintiff had the burden of proof in that regard. It also had the burden of proof in this court " 'to show error and to show further that the error is prejudicial.' " (*Conner* v. *Rose,* 219 Cal. App.2d 327, 329 [32 Cal.Rptr. 919].) Too, as recently restated in *Scott* v. *Mullins,* 211 Cal.App.2d 51, 57 [27 Cal.Rptr. 269], " 'In other words, it is judicial action, and not judicial reasoning or argument which is the subject of review; and, if the former be correct we are not concerned with the faults of the latter.' [Citation.]" Absent any proof of the matters alleged in plaintiff's first cause of action, the trial court properly rendered conclusions of law and its judgment adverse to the claims therein set forth.

█ As to the second cause of action, it is apparently conceded that the sole question before this court is whether the trial court correctly found that there was "substantial evidence" to support the appeals board determination that the assessments were not unfair, excessive or arbitrarily reached. █ The concession is a proper one, since "the taxpayer has no right to a trial de novo in the superior court to resolve conflicting issues of fact as to the taxable value of his property. [Citations.]" (*Bank of America* v. *Mundo,* 37 Cal.2d 1, 5 [229 P.2d 345].) Hence "The issue before a reviewing court is whether there was substantial evidence before the

board [of equalization] upon which its determination could have been founded." (*A. F. Gilmore Co.* v. *County of Los Angeles,* 186 Cal.App.2d 471, 476 [9 Cal.Rptr. 67].) The expert witness for each side adopted the same approach to the valuation problem before him, namely, capitalization of net income, which is referred to in *De Luz Homes, Inc.* v. *County of San Diego,* 45 Cal.2d 546, 564 [290 P.2d 544], as "a generally accepted method of valuing property from which income may be or is derived." With commendable frankness defendants assert that the valuation fixed by plaintiff's witness could properly have been adopted by the board; but since that body chose to accept the testimony of defendants' witness, the question now is as to the sufficiency of the evidence to support the board's choice in the premises. The valuation of defendants' witness, Mr. Bell, was premised on an income study of rates charged by four other water companies in the general area. Based on this study, the witness developed what he believed was a fair rate for the water sold by plaintiff; the income thus determined was thereafter capitalized as follows: "We have applied a 7 per cent yield, a recapture rate of 4 per cent, and real estate tax rate of 2.2 per cent to these improvements for a total capitalization rate of 13.2 per cent."

While the above formula is not challenged by plaintiff, he argues that the four water companies used in Mr. Bell's study were not "comparable" as a matter of law. Emphasized is the fact that the witness used the phrases "competitive water rates" and "competitive return"; it is also contended that the appraiser did not know the exact location of each company although he testified that they were selected by his office because of their "general vicinity." Finally, although plaintiff introduced no evidence on its part as to the four companies' noncomparability,[1] the argument is here made (as well as by plaintiff's counsel before the board) that plaintiff is a "Ford" serving older, smaller homes owned by older and mostly retired persons, whereas the four companies used by defendants' appraiser were in the "Cadillac" class, with modern equipment and serving an entirely different neighborhood. Notwithstanding this rather quaint critique, we perceive no substantial difference between the present problem and that involving comparable sales in eminent domain proceedings. The rule admitting evidence of such sales is that they must be sufficiently near the land to be valued and involve property sufficiently alike in respect to character, situation, usability and improvements that the price realized for the other property may be considered fairly as shedding light on the value of the land in question. (*County of Los Angeles* v. *Faus,* 48 Cal.2d 672, 678 [312 P.2d 680].) "Manifestly," declared the court in *Faus,* "the trial judge in applying so vague a standard must be granted a wide discretion."

---

[1]Plaintiff's expert, Mr. McKee, testified on cross-examination that he was not familiar with them.

(*Supra,* p. 678.) In a later case, with the *Faus* decision in mind, it was held that "We should not assume that the trial court abused its discretion. In fact the rule is exactly the opposite. [Citations.] [¶] There can be no absolute formula or definition of what constitutes similar or like property." (*Covina Union High School Dist.* v. *Jobe,* 174 Cal.App.2d 340, 350 [345 P.2d 78].) Tested by these guidelines neither the present state of the record nor the argument of plaintiff's counsel reasonably sustains the claim in this court as to the noncomparability, as a matter of law, of the companies relied on by defendants' appraiser. Accordingly, it cannot be concluded that his valuation is so lacking in any valid basis that it should have been rejected *in toto* by defendant board.

 There being substantial evidence to support the board's denial of the reduction sought by plaintiff, the trial court properly found in defendants' favor as to the second cause of action.

The judgment is affirmed.

Wood, P. J., and Thompson, J., concurred.