[Civ. No. 41520. Second Dist., Div. One. Nov. 20, 1973.]

BOARD OF EDUCATION OF THE EL MONTE SCHOOL DISTRICT OF LOS ANGELES COUNTY, Plaintiff and Respondent, v. MARCUS MORALES CALDERON, Defendant and Appellant.

**COUNSEL**

Marcus Morales Calderon, in pro. per., for Defendant and Appellant.

John H. Larson, Acting County Counsel, and John J. Wagner, Deputy County Counsel, for Plaintiff and Respondent.

# OPINION

**LILLIE, J.**—Defendant appeals from a judgment entered against him on June 5, 1972, pursuant to Education Code section 13412.[1]

Defendant is a probationary certificated teacher employed by plaintiff board. On May 6, 1970, he was arrested on the campus of the Los Angeles City College and charged with having, on that same day on the college premises, engaged in an act of oral copulation with another man for which a criminal complaint charging defendant with a violation of section 288a, Penal Code, was ultimately issued. On May 7, 1970, plaintiff board placed defendant on a compulsory leave of absence without pay as authorized by Education Code section 13409, which relates to any employee of a school district who is charged with the commission of a sex offense. Ten months later, on March 10, 1971, defendant was acquitted by the superior court of the criminal charge, and five days later notified plaintiff board that he desired to resume his teaching duties and demanded payment of his back salary. On March 17, 1971, plaintiff board gave defendant formal notice, pursuant to another provision of section 13409, that it intended to dismiss him within 30 days unless he requested the court review then provided for in section 13412. Thereafter, defendant timely entered his request for such a review, and on April 29, 1971, the board filed its complaint which initiated the within action. After a trial on the merits the court entered judgment, that: "1. The charges filed against the defendant are true and are sufficient grounds for the dismissal of the defendant under the provisions of the Education Code. 2. The defendant may be dismissed."[2]

---

[1]At the time here pertinent section 13412 authorized a court determination of whether the board of education properly charged a teacher with an immoral conduct offense, and whether the charge is based on sufficient grounds to permit the board, at its own discretion, to direct his dismissal. Section 13412 then in effect provided as follows: "When any employee who has been served with notice of the governing board's intention to dismiss him demands a hearing, the governing board shall have the option either (a) to rescind its action, or (b) to file a complaint in the superior court of the county in which the school district or the major part thereof is located, setting forth the charges against the employee and asking that the court inquire into the charges and determine whether or not the charges are true, and if true, whether or not they constitute sufficient grounds for the dismissal of the employee, under the provisions of this code, and for judgment pursuant to its findings."

The section has since been amended by the Legislature, and now provides for a hearing by a select commission instead of by the superior court, but this amendment did not become operative until March 7, 1973.

[2]Defendant is still on his compulsory leave of absence, and plaintiff board is not authorized to dismiss him under Education Code section 13436 (made inoperative by our Legislature after Mar. 7, 1973, but still applicable to defendant's case which was initiated prior to that date), at least until the within judgment becomes final. And even upon its finality the judgment, though adverse to defendant, does not *compel*

The trial court made findings that defendant did engage in the act of oral copulation charged by plaintiff board; this conduct "was indicative of corruption, indecency, depravity, dissoluteness, and shamelessness, showing moral indifference to opinions of respectable members of the community and an inconsiderate attitude toward good order and public welfare," and "was discussed at Board meetings attended by teachers and interested parents within the community." It concluded that "the defendant's conduct . . . is immoral conduct . . ." and he is not entitled to recover any back salary.

Appellant fails to challenge any of the findings and conclusions of the court, including those heretofore cited which expressly state that he did engage in the sex act which prompted the board's action. Instead the appeal comes to us on what is the equivalent of a judgment roll; the record before us consists only of a clerk's transcript. (*Kopf* v. *Milam,* 60 Cal.2d 600, 601 [35 Cal.Rptr. 614, 387 P.2d 390]; *Maywood Mut. Water Co.* v. *County of Los Angeles,* 12 Cal.App.3d 957, 959 [91 Cal.Rptr. 206].) His contentions that under section 13409, Education Code, the board is prohibited from discharging him because he was acquitted of the criminal charge (§ 288a) and this acquittal should have barred the adverse judgment herein under the doctrine of res judicata, or at least the issues litigated in the criminal action should not have been retried in this case under the related doctrine of collateral estoppel, are without merit.

As to the legal effect of section 13409, and appellant's contention that thereunder the board is prohibited from discharging him because of his prior acquittal of the criminal charge, in a strict sense such issue is not before us, because this appeal is from a judgment which merely permits the board to dismiss him if it subsequently elects to do so. However, because the reality of the situation compels an assumption that such a dismissal will ensue, and because there does not appear to be any further remedy readily available to appellant if he is discharged, we deem review of the matter to be in order at this time.

In respect to appellant's first contention we find his construction of section 13409 to be incorrect. In making the argument that under section 13409 the board is compelled to continue his employment because of his acquittal of the criminal charge, appellant refers to the third paragraph of section 13409 (in effect during the time here pertinent),[3] particularly

---

plaintiff to dismiss defendant because under section 13436 such a move still remains within plaintiff's discretion. However, realistically such a discharge must be anticipated.

[3]This section has now also been amended and the paragraph here under review has been removed therefrom, effective March 7, 1973.

the following clause: ". . . if the employee is acquitted of the offense, or the charges against him are dismissed, the school district shall pay to the employee his full compensation for the period of the compulsory leave of absence upon his return to service in the school district." ▮ We do not construe this clause as a directive that a school board is *compelled* to permit a teacher placed on a compulsory leave of absence to "return to service" merely because he has been acquitted of a criminal charge brought against him by another governmental agency where thereafter an adverse judgment has been entered against him in an action brought pursuant to section 13412; we construe it as a provision for back pay for any teacher who cannot be dismissed because he has *prevailed* in such a section 13412 proceeding (or who is not discharged by a school district, even though a court has adjudged that it may do so). We evolve this construction from a consideration of the following sections of the Education Code, all clearly *in pari materia.* Section 13403, subdivision (a), provides that a teacher may be dismissed for "immoral conduct." The *first* paragraph of section 13409 states that "Whenever any certificated employee of a school district is charged with the commission of any sex offense as defined in Section 12912 [which includes a 288a violation] by complaint, information or indictment filed in a court of competent jurisdiction, the governing board of the school district shall immediately place the employee upon compulsory leave of absence. . . . The governing board of the school district may extend the compulsory leave of absence of the employee : . . by giving notice to the employee within 10 days after the entry of the *judgment* in the proceedings[4] *that the employee will be dismissed* at the expiration of 30 days from the date of the service of the notice, unless the employee demands a hearing as provided in Sections 13313, 13327 and 13338, and Sections 13403 to 13441, inclusive." (Italics added.) Section 13436 provides that: "If the judgment [in a section 13412 action] determines that the employee may be dismissed, the governing board may dismiss him upon entry of the judgment."

We are further persuaded that the board is not precluded from discharging defendant despite his acquittal of the criminal charge by reliance on section 13586, Education Code, the first paragraph of which provides "No person shall be employed or retained in employment by a school district who has been convicted of any sex offense as defined in Section 12912 . . . . If, however, any such conviction is reversed and the person is acquitted of the offense in a new trial or the charges against him are dismissed, this section does not prohibit his employment thereafter." Clearly,

[4]This is patently a reference to the *criminal* proceedings; and note the bare word "judgment," which clearly can mean *either* an acquittal or a conviction.

this section makes optional, at the discretion of the board, the retention of an employee who has first been convicted of a sex offense, yet ultimately acquitted; we see no reason to draw a contradistinction with respect to anyone who instead has been acquitted *ab initio*.

Finally, the contention, that because of his acquittal of the criminal charge the trial court was barred under the doctrine of res judicata from rendering its own independent judgment that appellant had engaged in an act of oral copulation, is closely related to the first claim of error that his acquittal on the criminal charge precluded his dismissal by the board. Accordingly what we have said, *supra,* is equally pertinent to appellant's last contention. Moreover, if his argument on this issue is correct its application would have the effect of abrogating the board's right to resort to a civil court proceeding under section 13412 in respect to any teacher charged with a sex offense who had been subjected to a criminal trial, since under appellant's rationale a conviction in the criminal action would make any subsequent section 13412 proceeding unnecessary, and an acquittal would make it impossible. This would limit the practical use of section 13412 proceedings only to those instances wherein there has been no prior criminal trial; and we can only assume that if the Legislature, in enacting the section, had so narrow a purpose in mind it therein would have so stated. In the absence of any such restrictive language we cannot so construe this statute. (*Vallerga* v. *Dept. Alcoholic Bev. Control,* 53 Cal.2d 313, 318 [1 Cal.Rptr. 494, 347 P.2d 909]; *Holder* v. *Superior Court,* 269 Cal.App.2d 314, 317-318 [74 Cal.Rptr. 853]; *Orlandi* v. *State Personnel Bd.,* 263 Cal.App.2d 32, 36-37 [69 Cal.Rptr. 177].)

While considering appellant's contention that his acquittal of the criminal charge (§ 288a, Pen. Code) should be sufficient to permit him to continue as a teacher, we cannot ignore the fact that a conviction can be based only on a determination of guilt beyond a reasonable doubt. "A judgment of acquittal does not establish that the acts constituting the offense charged were not committed by the defendant; it means only that they were not proved beyond a reasonable doubt. . . ." (*Beckner* v. *Sears, Roebuck & Co.,* 4 Cal.App.3d 504, 509 [84 Cal.Rptr. 315]; *Silver* v. *Watson,* 26 Cal.App.3d 905, 910 [103 Cal.Rptr. 576].) ▮ The difference in degree in the burden of proof in criminal and civil cases precludes application of the doctrine of res judicata. (*Teitelbaum Furs, Inc.* v. *Dominion Ins. Co., Ltd.,* 58 Cal.2d 601, 605 [25 Cal.Rptr. 559, 375 P.2d 439]; *In re Anderson,* 107 Cal.App.2d 670, 672 [237 P.2d 720].) "There are many conditions to a judgment of acquittal which preclude its being regarded as a determination of the question of guilt on the merits. The evidence may be such as to create a reasonable doubt of guilt when the same evidence

would amount to a preponderance of the evidence upon that issue. In cases without number, defendants, who were clearly guilty of the offenses charged, have been acquitted when their confessions were excluded for insufficiency of a legal foundation for their admission. There have been an even greater number of acquittals in which positive evidence of the guilt of the defendants was excluded because it had been obtained illegally, and the defendants were acquitted because of the insufficiency of the admissible evidence produced by the People." (*Beckner* v. *Sears, Roebuck & Co.,* 4 Cal.App.3d 504, 509-510 [84 Cal.Rptr. 315].) Thus a judgment of acquittal in a criminal case is not res judicata on the issue of his actual delict in a subsequent civil proceeding. (See *Teitelbaum Furs, Inc.* v. *Dominion Ins. Co., Ltd.,* 58 Cal.2d 601, 605 [25 Cal.Rptr. 559, 375 P.2d 439], citing *In re Anderson,* 107 Cal.App.2d 670, 672 [237 P.2d 720]; *Gibson* v. *Gibson,* 15 Cal.App.3d 943, 947 [93 Cal.Rptr. 617]; *Beckner* v. *Sears, Roebuck & Co.,* 4 Cal.App.3d 504, 509 [84 Cal.Rptr. 315].)

■ We reasonably assume, therefore, that our Legislature properly intended by the enactment of the pertinent sections of the Education Code to permit school boards to shield children of tender years from the possible detrimental influence of teachers who commit acts described therein (§ 12912) even though they are not found guilty beyond a reasonable doubt. ■ In the criminal proceeding only the People and Calderon were parties; the board of education did not participate in the trial (cf. *Cozens* v. *Superior Court* [*Blaine*] 31 Cal.App.3d 441, 443 [107 Cal. Rptr. 408]). Moreover state agencies even though exercising a portion of the state's powers of government, are not the state or a part of the state (*Gonzales* v. *State of California,* 29 Cal.App.3d 585, 590 [105 Cal.Rptr. 804]) and are not the same as the People of the State of California. Finally, the criminal charge between defendant and the state was penal in nature while the case between defendant and the board is remedial, for the protection of young children. Apposite is language in *Pettit* v. *State Board of Education,* 10 Cal.3d 29 [109 Cal.Rptr. 665, 513 P.2d 889], wherein our Supreme Court affirmed an order denying petition of a teacher, also charged with oral copulation, for a writ of mandate vacating an order of the State Board of Education revoking her right to continue in the teaching profession: "Plaintiff points to the finding of the board that she is unlikely to repeat the misconduct which led to her suspension. Yet the 'risk of harm' which justified revocation of plaintiff's license in this case is not the likelihood that plaintiff will perform additional sexual offenses but instead that she will be unable to teach moral principles, to act as an exemplar for her pupils, or to offer them suitable moral guidance." (P. 36, fn. 7.)

The same rule applies to the related defense of collateral estoppel (which pertains to *issues* previously litigated, rather than to judgments to which res judicata is directly applicable). Thus, similarly, the estoppel doctrine will not be invoked when matters considered in a criminal trial are sought to be relitigated in a subsequent civil proceeding. The court in *Gibson* v. *Gibson,* 15 Cal.App.3d 943, said at page 948 [93 Cal.Rptr. 617]: ". . . we think the better rule to be that a prior acquittal in a criminal . . . proceeding . . . does not collaterally estop subsequent civil litigation on the same issues."

Moreover, appellant has come before us on only a clerk's transcript; in the absence of a reporter's transcript we do not, of course, have before us any of the actual evidence considered by the trial court. Accordingly, we are unable to compare the issues raised in the criminal proceedings in which appellant was acquitted with those here litigated (even assuming that there has been prepared, and is therefore available, a reporter's transcript of the criminal action) for the purpose of applying collateral estoppel, even if we were justified in recognizing the validity of such a defense.

The judgment is affirmed.

Wood, P. J., and Thompson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 31, 1974.