Filed 10/26/22  Hernandez v. Jacobo CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ADRIAN RENE HERNANDEZ, | F083097 |
| Plaintiff and Respondent, | (Super. Ct. No. FL-19-002300) |
| v. | |
| IRMA JACOBO, | **OPINION** |
| Defendant and Respondent; | |
| CRYSTAL MONTOYA, | |
| Objector and Appellant. | |

## THE COURT[*]

APPEAL from an order of the Superior Court of Stanislaus County.  Jack M. Jacobson, Judge.

No response for Plaintiff and Respondent.

No response for Defendant and Respondent.

Crystal Montoya, in pro. per., for Objector and Appellant.

-ooOoo-

---

[*]     Before Levy, Acting P. J., Peña, J. and Snauffer, J.

Appellant Crystal Montoya challenges the trial court's decision denying her request for court-ordered visitation as a grandparent. Based on the record that has been provided to this court on appeal, we cannot reverse the decision of the trial court. The order denying appellant court-ordered visitation is affirmed.

## PROCEDURAL AND FACTUAL SUMMARY

Appellant entered this action between her son, Adrian Rene Hernandez (father), and the mother of his child, Irma Jacobo (mother), who were not married, but seeking to resolve custody and support issues involving their son. While appellant appeared to have sought some form of ex parte relief in August 2020, we have only been provided with a declaration filed with the trial court in February 2021, in which she explains her desire to be granted some form of visitation as a grandparent of the child. The declaration provides information on the relationship between appellant and mother, and some history surrounding her contact with her grandchild. Also in support of her request, appellant has provided text messages initiated by mother who was attempting to arrange a visit between her son, the grandchild, and appellant.[1]

Following a hearing on June 30, 2021, the trial court issued an order stating, "[a]ll contact with the child and paternal grandmother shall be at the discretion [of] the mother."[2] Appellant filed a notice of appeal challenging this order on July 22, 2021.

## DISCUSSION

I. **The Record on Appeal Limits Our Review**

"If an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court, the record on appeal must include a record of these oral proceedings …." (Cal. Rules of Court, rule 8.120(b).) A record of the lower court

---

[1] In her opening brief, appellant provides background information about her grandchild and her relationship with his mother. Much of that information is not supported by the record that has been provided to this court.

[2] No transcript for a June 30, 2021, hearing exists.

2.

proceedings is required to both support allegations of claimed error, and to facilitate an appellate court's review of those claims. (*In re Marriage of Wilcox* (2004) 124 Cal.App.4th 492, 498–499.) There will be no reversal of an order for abuse of discretion when there is no record explaining what occurred at the underlying hearing or the trial court's reasoning. (*Rhule v. WaveFront Technology, Inc.* (2017) 8 Cal.App.5th 1223, 1228–1229.)

We have not been provided a transcript of a June 30, 2021, hearing documenting the testimony relevant to the issue presented in this appeal. In fact, appellant may have waived the need for oral proceedings on her request for court-ordered visitation. Regardless, neither the register of action nor the order issued by the trial court indicates whether a reporter was even present to record any proceedings held on that date. Pursuant to California Rules of Court, rule 8.137(b)(1)(A), when a court reporter is not present to record a hearing, an appellant may opt to provide the appellate court with a settled statement of any proceedings held. If the record can be reconstructed through a settled statement, the appellant must employ this method to obtain review. (*People v. Young* (2005) 34 Cal.4th 1149, 1170.) A settled statement has not been provided to this court.

The fact appellant is in propria persona does not exempt her from the rules of appellate procedure or relieve her of the burden to show reversible error. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.) As a result of there being no reporter's transcript of a June 30, 2021, hearing, or a settled statement of the facts before the trial court, we are limited to a consideration of this appeal on the clerk's transcript only. We therefore treat this as an appeal on the "judgment roll." (*Kopf v. Milam* (1963) 60 Cal.2d 600, 601.) In such an appeal, a consideration of the sufficiency of the evidence to support the findings is not an open question, and reversible error must appear on the face of the record. (*Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082.)

## II.     Reversible Error Does Not Appear on the Face of the Record

A grandparent's right to court-ordered visitation with a grandchild is purely statutory.  (*In re Marriage of Harris* (2004) 34 Cal.4th 210, 219.)  Generally, a request for visitation by a grandparent must be brought during proceedings seeking the dissolution of a marriage, legal separation, or when one party to the marriage seeks exclusive custody of the child.  (Fam. Code, §§ 3021, 3103.)[3]  However, under section 3104, subdivision (b)(1), a petition for visitation by a grandparent may be brought when the parents are not married or are living "separately and apart on a permanent or indefinite basis."  Section 3104, subdivision (f) further warns courts considering visitation orders for grandparents:

> "There is a rebuttable presumption affecting the burden of proof that the visitation of a grandparent is not in the best interest of a minor child if the parent who has been awarded sole legal and physical custody of the child in another proceeding, or the parent with whom the child resides if there is currently no operative custody order objects to visitation by the grandparent."

It should be noted, the statutory scheme that governs custody decisions in California expresses a strong policy preference for the rights of a parent over those of a nonparent. (§§ 3040, 3041.)

In a case considering the constitutional right of a parent to make decisions for their child, this court concluded a parent's decision to oppose a formal order granting visitation to a grandparent must be given deference.  (*Zasueta v. Zasueta* (2002) 102 Cal.App.4th 1242, 1253 [discussing the fundamental nature of parental rights presented in *Troxel v. Granville* (2000) 530 U.S. 57].)  To overcome the presumption that a parent is acting in the best interests of their child, a grandparent must provide clear and convincing evidence that denial of such visitation is not in the best interests of the child (i.e., denying visitation would be detrimental to the child).  (See *Ian J. v. Peter M.* (2013) 213

---

**3**      All further statutory references are to the Family Code.

4.

Cal.App.4th 189, 205–206 disapproved on other grounds by *Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1010.)

We only have the statement of the trial court that appellant's visitation with her grandchild shall be at the discretion of mother. Based on this statement, and without a record of the hearing, or additional documentary evidence provided to the court, we must conclude the trial court was deferring to the judgment of the mother of the grandchild. Without clear and convincing evidence in the record showing this conclusion constituted reversible error, we must affirm the order of the trial court.

## **DISPOSITION**

The order of the trial court denying appellant's request for court-ordered visitation with her grandchild is affirmed.